Miles *against* Wister and others executors of Wister.

1813.

*Philadelphia,*
*Saturday,*
April 3.

THE case under which this cause was decided, stated in substance that—

*William Wister,* by his last will dated the 15th of *January* 1800, devised and bequeathed *inter alia,* in the words following: " I give unto the four children of my nephew *James* " *Miles* deceased, namely *Catharine,* (the plaintiff) *Samuel,* " *William,* and *James,* the sum of 400*l.* specie to each of " them; which sums I direct to be placed out on interest " at the expiration of two years after my decease, for the be- " nefit of the said legatees respectively, and the principal and " interest to be paid as they respectively attain the ages of " twenty-one years. But if any of the aforesaid children of " my nephew *James Miles* deceased shall die in his or her " minority, without issue, the share of such child so dying " shall be equally divided among his or her brothers and " sisters, and so *toties quoties.*" The sums bequeathed were put out on interest by the executors as directed by the testator. The children of *James Miles* are all still in their minority, two of them residing in the city of *Philadelphia,* with their mother, a widow, and two in employments that for the time furnish them with a livelihood; but with a rigid economy, the income of the family, amounting in all to about 700 dollars, has been found inadequate to defray their necessary expenses, with the clothing and education of the children. The question is whether the interest on the said several sums bequeathed is not payable as it accrues, to the said children respectively, or their guardians during their respective minorities; or whether it is the duty of *William Wister's* executors to withhold from the said children all accruing interest, till they respectively attain the age of twenty-one.

The testator bequeathed to the four children of his nephew *J. M.* the sum of 400*l.* to each of them; which sums he directed to be put out on interest at the expiration of two years after his decease, for the benefit of the said legatees respectively, and the principal *and interest* to be paid as they should respectively attain twenty-one; but if any of them should die in his or her minority without issue, the *share* of such child so dying should be equally divided among his or her brothers and sisters. *Held* that no *interest* was recoverable by the legatee during minority; but that it must accumulate, and in case of the legatee's death under age, form a part of the *share* to be divided among the survivors.

*Mc Kean* and *Levy* for the plaintiff. This is the case of a legacy to the children of a nephew, who have no adequate provision or maintenance; and if there was no clause that carried the bequest over upon a contingency, there could not be a doubt. Many cases have gone further, particularly *Harvey* v.

1813.

MILES
v.
WISTER.

*Harvey* (a), where it is said that if one *not a parent*, gives a legacy payable at twenty-one, and the infant has nothing else to subsist on, the Court will order part of this legacy, in order to provide bread for the infant, to be paid presently, allowing interest for the same to the person who paid it, out of the remaining principal. All the cases say that interest is pretty much in the breast of the Court; and whether the legacy is from a parent or collateral relation is certainly of no importance. *Falkner* v. *Watts* (b). The legatees in this case evidently requiring aid, and this Court by the exercise of its equity powers, being competent to give it, the only difficulty is the devise over, which we conceive to be immaterial. In *Harvey* v. *Harvey*, it is said that though the legacy be devised over in case of the legatee's dying under twenty-one, yet interest ought to be allowed for maintenance. The distinction is well settled between the interest or produce, and the capital, in reference to this question. In *Tisser* v. *Tisser* (c), where one devised his personal estate to his son, and if he died within age, and without issue, then over, it was held that the son should have the produce of the personal estate, and that only the capital should go over. The same in *Nicholls* v. *Osborne* (d), upon the ground that the devise was a present one, and went over upon a condition subsequent, which is the case here. So in *Taylor* v. *Johnson* (e), and *Chaworth* v. *Haper* (f). The *share* that is to go over is not the interest, but the principal; it does not include the interest, any more than a bequest of the personal estate includes the produce, which is in almost every case, nothing but interest.

*Hopkinson* for the defendants. The allowance of interest by way of maintenance, where it is not given by the will, is granted by equity only in favour of the testator's children, in cases of absolute poverty and necessity, totally unlike the present, and upon the presumption that such was the testator's intention. But it is impossible to find a case in which the will has been violated by the allowance, as it must be here, where the testator has clearly postponed the payment of both principal and interest, in terms, until the legatees come of age, and therefore prohibits its being used as a maintenance. Even grand children do not receive interest by way of mainte-

(a) 2 P. Wms. 21.  (c) 1 P. Wms. 499.  (e) 2 P. Wms. 504.
(b) 1 Atk. 408.  (d) 2 P. Wms. 420.  (f) 2 Bro. Ch. Rep. 82.

nance. *Haughton* v. *Harrison* (a), *Inkledon* v. *Northcote* (b), *Elkton* v. *Elkton* (c); though where a legacy is absolutely vested, part of the legacy may under certain circumstances be allowed: The case of *Butler* v. *Butler* (d), is the most analogous to this, where the testator gave all the residue of his personal estate to his grandson, at his age of twenty-one, and if he died before that age, then over, and the Lord Chancellor directed that the interest should accumulate until the legatee was twenty-one. It is true the legacy was contingent as to the whole; but it is the same thing in effect here, where the principal and interest are to be paid at twenty-one, and in case of previous death, the *share*, that is both principal and interest, is to go over. If it would be wrong to grant part of the principal in case of a devise over, so it must be to grant the interest, where it is expressly connected with the principal, forms one *share*, and goes over with it. All the plaintiff's cases turn upon legacies where the testator has been silent as to interest; this is one in which he makes an express disposition of interest, excluding the legatees until twenty-one.

TILGHMAN C. J. *William Wister* by his last will and testament bequeathed as follows. [The Chief Justice here read the clause on which this cause depended.] The question is whether the plaintiff is entitled to receive interest on this legacy, during her minority.

Where a legacy is given to a child payable at the age of twenty-one, without mention of interest, the general rule is, that interest shall be allowed from the death of the parent, because it must be supposed, that the parent intended to do his duty, and not leave the child without a maintenance; but this rule does not extend to legacies given to strangers or distant relations, because none but a parent is bound to provide for a child. Courts of equity have gone great lengths to provide a maintenance for infants who are entitled to legacies payable at a future time. It is said in *Harvey* v. *Harvey*, 2 P. Wms. 21, 22, that if one *not a parent*, gives a legacy to an infant payable at the age of twenty-one, *and there is no devise over in case of death before twenty-one*, the Court, if the infant has no other means of providing bread, will order part of the legacy to be paid presently, allowing interest on the

1813.

MILES
*v.*
WISTER.

(a) 2 *Atk.* 329.  (b) 3 *Atk.* 438.  (c) 3 *Atk.* 507.  (d) 3 *Atk.* 58.

sum advanced to be paid out of the remainder of the legacy. This is going a great way, but no harm is done, because interest is allowed on the money advanced, and the infant gets no more in the whole than the principal of the legacy. But if the legacy is *devised over* in case of death before twenty-one, it would be *defeating* the will to order payment of any part before the time appointed by the testator. Whatever might be *William Wister's* reason, it is clear that he had no intention to provide a maintenance for the children of his nephew *during their minority;* because he orders the legacy of each to be put out to interest at the end of two years from his death, and the principal and interest to be paid to each respectively, on their attaining the age of twenty-one years. The interest was to accumulate during the minority of each legatee. But what was to become of it, in case of death before the age of twenty-one? That will depend on the latter part of the devise; if any of them died during minority and without issue, the *shares* of those so dying were to be equally divided among the survivors. What is meant by the *shares?* Is it the principal sum of 490*l.*, or the principal, with the interest, which had accrued at the time of the legatee's death? I have no doubt but that the *whole* was intended to go to the survivors. What else should be done with the interest? If the deceased legatee left issue, both principal and interest would remain in the family; but if no issue, who so proper to take the interest, as the survivors to whom the principal was to go? The word *share* will very properly comprehend the aggregate sum of principal and interest, and I cannot conceive any reason why the testator should intend to separate one from the other in the devise over. That being the case, it would be a manifest violation of the will, to order the payment of the interest to any of the legatees during their minority; it would be paying to one person, what in case of death during minority, was directed by the testator to be paid to another. The withholding the interest may be extremely inconvenient to the legatees, who appear to be pinched for a living, though not entirely destitute of support. But they must remember that their relation from whose bounty these legacies flow, had a right to direct the course of them. His intention is plain, and must not be contradicted. I am of opinion that the plaintiff is not entitled to receive any interest during her minority, and that in case of

her death without issue and before the age of twenty-one, the executors of *William Wister* are to pay to the surviving legatees the principal of the plaintiff's legacy, together with the accumulation of interest.

YEATES J. was unwell, and gave no opinion.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment for defendants.