The opinion of the court was delivered by
Duncan, J.
This is an action for a legacy against the executor of John Bitzer, by Hahn and wife, the daughter of Barbara Meixel, deceased, who was the daughter of the testator, and who died before making the will. It depended upon the following clause in the will: “ Item, I give and bequeath unto my two youngest sons, each of them, the sum of four hundred pounds, to be paid for their use out of the first money which cornes into the hands of my executor, out of my estate. Item, I give and bequeath unto each of the three children of my daughter Barbara, two hundred and fifty pounds, to be paid to them out of the money which may come come into the harids of my executor of my estate, after the legacies are paid to my said two youngest sons; but it is my will, and I order, that if any of my sons or grandchildren, to whom I have given the said legacies, should die in their minority and without issue, then such legacy shall be divided to and amongst my six children, to whom I have given the residue and remainder of my estate.”
The wife of Hahn attained the age of twenty-one' before the commencement of the action, and the main question respected the interest of her legacy from the time it bore interest, and whether any interest was demandable before demand and filing of the refunding bond. Í have not heard, and it is difficult to imagine any reason, why the executor should not be accountable for the interest to somebody; either to the pecuniary or residuary legatees. It is against all reason, that he should hold it for ten years without payment of interest to any body, and the residuary beneficiaries of the testator have no claim either in law or in equity.
The plaintiff in error contends, that the legacy to the children of Barbara was contingent, and, if so, it was contingent likewise *237 as to the legacies of the testator’s own children, and therefore interest was not demandable until it vested, when they came of age. It will be difficult to draw a line between the children and grandchildren. The bequest and the limitation over are in the same words; and though it is generally true, that children might be entitled to interest by way of maintenance, which grandchildren would not, yet this is a matter of mere intention, to be drawn from the four corners of the will. The testator may show, that he considered himself in loco parentis. The bequest, I have stated, was in the .same words. The mother was dead. There is one clause in this will, which shows that the testator considered,himself as standing in the relation of a parent, and making the same provision for his daughters as his granddaughters, representing their mother; and this is the bequest of the furniture, which he divides into five parts, one fifth part to each of his living'daughters, and the remaining fifth part to the two daughters of his deceased daughter Barbara. And there is another clause which indicates his intention; that is, the devise to George and William, Nuts, of a tract of land, charged, as Andrew Bitzer’s land was, with the payment of eleven hundred pounds; three hundred pounds in hand to be paid to his executor, and the residue in small instalments; and directs that to Jacob Shirk and Hannah Shirk, the step brother and sister, shall be paid four hundred pounds each, to be paid to them, without any interest, when they shall come to the age of twenty-one. This difference of expression shows a different intention as to interest.-
The legacies to his children and grandchildren, were not contingent, but vested, subject to be divested on the death of anyone under twenty-one years, without issue, and then given,.on that event, to his residuary legatees. It was a legacy in prsesenti to an infant, limited over on his dying without issue, under age; in which case, whether it is by a father or a stranger, the Court of Chancery always decrees interest until the infant, comes of age. The cases on this subject will be found in the note to Small v. Dee, 2 Salk. 415, (Phil. Edition.) The case of Taylor v. Johnson, 2 P. Wms. 504, is in terms this case. A., by will, devises five hundred pounds to his infant grandson, without appointing any time of payment; with provision that if the grandson dies befo're twenty-one, then the legacy to go over to B. The Master of the Rolls said, it was extremely clear that this was-a condition subsequent, and therefore, as the infant’s death before twenty-one will defeat the legacy from the time it happens, consequently, in the mean time, it shall carry interest at least from the end of the year after the testator’s death. This will not hold where the legacy is contingent-, and not immediate .and vested. Heath v. Perry, 3 Atk. 101. Indeed this case is stronger in favour of interest, for here the time was .fixed; when the money would come into the hands of his executor.
*238 There can be no reasonable doubt, but that a court of chancery would decree the interest in this case, and, as we have no court of chancery, this authority must from necessity be conferred on the courts of common law, by the act respecting the recovery of legacies. It is unnecessary to decide, whether the legatees could sue for the principal before twenty-one, or whether the court would require them to give security for payment over to the remainder man. The rule of chancery, requiring tenant for life of a chattel to give security that the goods should be forthcoming at his decease, has been altered, and it is now the practice only to exhibit an inventory, to be filed. Westcott’s Lessee v. Cady, 5 Johns. Ch. 348. Miles v. Wistar, 5 Binn. 480, was decided upon the special provision as to how the interest was to be disposed of, until the legatee arrived at twenty-one. It was to accumulate, and the principal and interest to be paid to them respectively when they arrived at that age; if any died under twenty-one, or without issue, the share of such one to be divided among his brothers and sisters. The share so given, was the principal and interest. In the case of Hassanclever v. Tucker, in the High Court of Errors and Appeals, 2 Binn. 525, (App.) the testator gave to H. L. his estate at Longs-toion, estimated at three thousand pounds, and the further sum of one hundred pounds, to be paid to him at lawful age, meanwhile to be placed out at interest, on good security, for his use; but, in case he departed this life unmarried, the bequest of money to be void, and the whole to sink into his residuary estate. It was decided, that the legacy was not to await the expiration of his life estate, but was payable one .year after the testator’s decease, though there, as here, it was to go to risiduary devisees on his death unmarried. The remoteness or propinquity of the event can make no difference in the construction. When was this legacy payable? When the instalments on the land devised to JLndrew were paid, after taking out of the first instalment, the sons’ legacies. It then clearly was a vested legacy. Debitum in presentí, though solven-dum, in futuro; and, consequently, a vested legacy payable at a stated, time, must carry interest from the time of payment. Where no time of payment is fixed, but the legacy is given generally, a year after the testator’s decease, unless in the case of a child, where interest is allowed in nature of maintenance. A year after the testator’s death, unless some other time of payment is fixed. Interest is given for default of payment; it is given when the payment is delayed. The time of payment governs the commencement of interest, éxcept that a legacy given to a child by a parent, carries interest from the death of the testator, because it is in the nature of a portion, and therefore interest in the mean time is added, though not given in express terms. When, (independently of all question of this legacy of their grandfather being in the nature of a portion,) was this legacy payable? It was to be paid to them out of the money which came into the hands of the executor, after *239 the legacies were paid to his youngest sons. The principal fund was two thousand seven hundred pounds, charged on the land of Jlndrew by the will. Then, when sufficient to discharge the sons’ legacies became due, the subsequent payments were a fund in the hands of the executor, to be paid to his grandchildren at stated times, as the money was received. The executor was their trustee. I by no means think, that executors are bound to hunt up the legatees, and tender them the legacy, or that, a suit can be brought against them without a demand and filing a refunding bond. This is for the security of the executor. He is not bound to pay before that security is tendered; but I cannot doubt but that he is liable to an infant for interest, after a year, where no day of payment is fixed; and, where a day of payment is fixed,' from that day, though no demand is made or bond tendered. The right of action depends on this; but the right to interest on the will of the testator. The executor is no more than a trustee. He will be discharged of interest on a case properly made out, viz. that he never used the money; that he had it always by him; that he was semper paratus to pay it. But where he mingles the money with his own, uses it as his own for ten years or more, the law will presume that he made interest, and it is a clear case for interest. Munford v. Murray, 6 Johns. Ch. R. 17. Every case of this kind depends upon its own circumstances. The residuary devisees can lay no claim to it. Theirs was a remainder, after payment of the legacies. It has been contended, that there was laches on the part -of the legatee. In the relation in which the executor stood, he cannot avail himself of this pretext. He was the uncle of these orphans, deprived of their parents. He stood, in point of equity, as their natural guardian. If the money lay out, it would bear interest to the legatees. If he called it in,- it would not be requiring too much, of him to apply, as their next friend, to the Orphans’ Court, to have guardians appointed, to whom the money, or the interest at least, would have been paid over, and then interest would have been recoverable from the guardians. They, under the direction of the Orphans’ Court, would have put it out at interest, or applied the interest to their maintenance. I do not find the doctrine of equity laid down with greater precision any where than in Small v. Dee, 2 Salk. 415, by Lord Chancellor Cowpxit: “ If a legacy be devised generally, and no time ascertained for the payment, and the legatee be an infant, he shall be paid interest from the expiration of a year after the testator’s death; but it seems a year shall be allowed, for so long the statute of distributions allows before the distribution be compellable, and so long shall the executors have, that it may appear-whether there be any debts; but if the legatee be of full age, he shall only have interest from the time of his demand after the year, for no time of payment being set, is is not payable but on demand, and he shall not have interest but from the time of the demand; otherwise in the case of an *240 infant, because no laches is imputable to him. But where a certain legacy is left payable at a day certain, it must be paid with interest from that day.” This decision is recommended by its natural justice, and is an authority which never has been overruled.
This, in substance, was the answer of the court to the third proposition of the plaintiff in error, and the charge of the court, generally was in the same spirit. The law,was correctly laid down.
I cannot say I quite comprehend the point of the second assignment of error; the answer to the first, second, fourth, and sixth propositions.
The act of assembly does not require the court to file of record their charge to the jury, but only their opinion with their reasons for it. There are few judges, who draw out in writing, and verbatim, their charges. This could not be done, unless they had prepared it previously to hearing the counsel, and had it ready before they heard any argument. Their notes are short heads of the charge. The filing the opinion is a substitution, and a most miserable one (I again take occasion to say) of the bill of exceptions, whose office is well known. The judge is required to instruct the jury, in a particular manner, by the counsel of one party, on a question of law. This question is stated in the bill, and his answer is only required, either that he did so instruct the jury, agreeably to the request, or that he refused so to do, and it then sets out how he did instruct them. The opinion here filed was, that the judge did instruct the jury as the plaintiff in error had requested, and surely of this he cannot complain. Credit-must be given to it; it is a part of the record; it imports absolute verity, and we cannot try it, but by itself; we cannot say it was not the opinion .delivered. , ■ ; ,
As to the third and fifth propositions, the answer of the court was quite right, and so clearly expressed that it could not be misunderstood by a jury that had a ray of intelligence. It was, that if the jury found means in the hands of the executor, funds applicable to the discharge of these legacies, interest was to be paid from that time until the’grandchildren became of age, and that interest was recoverable from that time, when there were sufficient assets in their hands to pay the debts and legacies, which had priority in time of payment by the will, and was not confined to the time of a demand and giving a refunding bond. The jury were instructed to ascertain what available funds came into the executor’s hands applicable to the payment of the legacies, and to charge him with interest from the time he had such means; and, take the whole will together, the state of the family and the state of the property, not a barren but a productive fund, the decree was such a one as a chancellor would have made, and such doctrine as it behooved the court to'give to the jury. If the jury have erred in point of fact, if they have charged the executor with interest be *241 yond this measure, the remedy was by motion for a new trial, but this cannot be known and cannot be noticed here.
It was the duty of the executor not to let the money remain unemployed. It would have been a balance in his hands, and if his account had been settled at the proper time, the balance would have appeared on that settlement; and the fair presumption was, that he had used the money for his own purposes. I repeat what was said by the chief justice, in Fox v. Wilcocks, 1 Binn. 194:— “ It is impossible to lay down rules, by which it may be ascertained whether the executor should pay interest, because every ease must depend upon its own particular circumstances.” Though the rules before laid down in general are applicable to the payment of- interest on legacies, it seems to me that interest is to be paid in all cases of legacies, from the time at which the testator ordered them to be paid; and it is impossible to contend, that the executor is bound to pay before he is ordered, except under very particular circumstances, and perhaps the only instance in which a legacy bears interest before the time of payment, is that of an infant. In that instance, the court does not postpone the payment of interest until a year after the death of the parent, for the court considérs the parent to be under an obligation to provide, not only a future, but a present maintenance, and therefore the' court hold, that he could only have postponed the payment from the incapacity of the child to receive, but not to deprive him of the fruit of the legacy, which is his only maintenance, and which maintenance he would be bound to provide. Here the time is stated; the legacy was payable at twenty-one, before which time the legatee dies. If interest is payable, his executor shall have the interest immediately; if not, he must wait till the legatee would have been twenty-one. I think a wife would fall within the exception to a child, unless where a wife has some other provision, and that may make a difference in the case of a child. I do not say that a grandchild is always in the same case as a child, yet my own opinion is, that if the will manifests that he put himself in .the relation of a parent, it would be a departure from all principle to make a distinction. Here the legacy was a debt from the time it was given. There was a severance of these legacies from the residuary property, and they became the property of the legatees, subject to be divested on an event, which event never has happened.
Judgment affirmed.