[PHILADELPHIA, FEBRUARY 4, 1833.]

4 R   113<br>31 SC   618

## MAGOFFIN, administrator of PATTON, *against* PATTON and others, executors of PATTON.

Testator bequeaths to each of his children, six thousand dollars, to be paid to them respectively, as they severally arrive to lawful age, or on the day of marriage, whichever may first happen.   The residue of his estate, whatsoever, and wheresoever, he devises, and bequeaths to be equally divided among all his children, (naming them,) when his youngest child arrives at lawful age, to hold to them, their *heirs,* executors, administrators and assigns, in equal shares, as *tenants in common,* and not as joint tenants.   He then by his will declares, that if either of his above mentioned children die under age, and without leaving issue, the share given to the child so dying, shall be equally divided, share and share alike, among all his surviving children, and the lawful issue of any of his said children, or of any grand child, or grand children, who may then be dead, having left such issue, as *tenants in common* in fee, such issue, if one person only, or if several persons, as tenants in common, in equal shares in fee, always taking such part as his, her or their parent or parents would have taken, if living.   The devises and bequests above mentioned, were the only provision which the testator made for the maintenance of his children.   His personal estate was about equal to the amount of his debts, the money legacies to his children, and the bequests to his wife; and the "*residue*" of his property consisted almost exclusively of real estate.   One of his children died in his minority, unmarried, and intestate.   *Held,* that the bequest of six thousand dollars, vested in him immediately on the death of the testator, and that his administrator was entitled to recover it, with interest from the time of the death of the testator, no other provision having been made for the maintenance of the legatee, during his minority

THIS was an amicable action instituted in this court, in which *John Magoffin,* administrator of *Henry Patton,* was plaintiff, and *Tace*

(Magoffin adm. *v.* Patton and others.)

*W. Patton* and others, executors of *Robert Patton*, deceased, defendants. It was entered for the purpose of determining the right of the plaintiff, to recover a legacy of six thousand dollars, which was bequeathed by the defendant's testator in his last will and testament, to the intestate of the plaintiff, who claimed it with interest from the time of the testator's death. A case was stated for the opinion of the court, and the questions arising upon it, were argued by *Purdon*, for the plaintiff, and by *Stroud* and *Bradford* for the defendants.

Every thing that is material in the case will be found in the opinion of the court, which was delivered by

KENNEDY J.—From the case as stated and agreed on by the parties for the opinion of the court, it appears, that *Robert Patton*, the testator, by his will, dated the 12th day of *December*, 1813, and proved the sixth of *January*, then next following, after giving to his wife certain bequests of personal property, and also one-third part of all the rents, income and profits, of his real estate, during her natural life, bequeathed to his children, of whom *Henry*, the intestate of the plaintiff, was one, in the words following, to wit: "4. *Item*, I give and bequeath to each and every, my children, the sum of six thousand dollars a piece, to be paid them respectively, as they severally arrive to lawful age, or on the day of marriage, whichever may first happen. 5. *Item*, All the rest, residue and remainder of my estate, whatsoever, and wheresoever, I give, devise and bequeath to be equally divided among all my children, (when my youngest child arrives at lawful age,) namely, *John C. Patton, Robert B. Patton, Cornelia Patton, William Patton, Mary Patton, Henry Patton* and *Catherine Patton*, to hold to them, my said children, *their heirs*, executors, administrators and assigns, respectively, in equal shares as *tenants in common*, and not as joint tenants. 6. *Item*, My will is, I do hereby provide, that if any or either of my above *mentioned children* shall happen to depart this life, under lawful age, and without leaving any lawful issue, that then the part or parts, share or shares devised and bequeathed, by this my will, in my estate, to any or either of them, my children so dying, shall go to and be equally divided, share and share alike, among all my surviving children, and the lawful issue of any of my said children, or of any grand child or grandchildren, who may then be deceased, having left such issue, as *tenants in common in fee;* but such issue of any my deceased child or children, grand child or grandchildren, if one person only, or if several persons, as *tenants in common in equal shares in fee*, always taking only such part or share thereof, as his, her or their parent or parents would have had, and taken under, and by virtue of this my will, had he, she or they been living."

The testator appointed five executors, of whom the defendants in this action, are the survivors, giving them power to sell his real estate for the payment of his debts or legacies. The devises and bequests

already recited, were the only provision which the testator made for the support and maintenance of his children. The personal estate was about equal in amount to that of his debts, and the money legacies to his children, and bequests to his wife, above mentioned; so that the "rest, residue, and remainder of his estate," consisted almost exclusively of real property, the income of which has not, in any one year, exceeded thirteen hundred dollars.

The children of the testator were born in the following order of time. *John C.* on the 14th of *January*, 1793. *Robert B.* on the 25th of *September*, 1794. *Cornelia*, on the 23d of *November*, 1796. *William*, on the 23d of *August*, 1798. *Mary*, on the 13th of *August*, 1800. *Henry*, on the 14th of *April*, 1804, and *Catherine*, on the 4th of *July*, 1813. The five first named of them, received each from the executors at lawful age, or marriage, six thousand dollars, and the four first of them were paid their respective six thousand dollars, anterior to 1820. `Henry Patton* died in his minority unmarried and intestate, on the 29th day of *March*, 1820, upon whose estate, letters of administration were granted in due form to the plaintiff.

Upon this state of facts the plaintiff claims the six thousand dollars bequeathed to *Henry*, his intestate, as a legacy which vested in him immediately upon the death of the testator, the principal whereof was to be paid "as he arrived to lawful age, or on the day of his marriage, whichever should first happen," and as no special provision was made by the testator, who was his father, for his maintenance during his helpless state of minority, the plaintiff also claims interest upon the principal from the death of the testator, down to the present time.

To this it is objected on the part of the defendants, *First*, That the legacy to *Henry*, the intestate of the plaintiff, was contingent, and not vested.

*Second*, If it should be adjudged to be vested, still, according to the terms of the will, and the intention of the testator, as thereby manifested, it became divested immediately upon *Henry's* dying in his minority without issue, and must go according to the disposition that is made in the sixth *item* of the will.

And *lastly*, If the plaintiff be entitled to recover the six thousand dollars, he ought not to have interest allowed to him on it, before the time appointed in the will for the payment of it.

In *Jackson* v. *Jackson*, 1 *Ves.* 217, where the testator bequeathed in the following terms: "*Item*, I give four hundred pounds to *R.* (a son of the testator,) *to be paid* him at the end of one year after my death, and the further sum of one hundred pounds at the death of his mother," making his wife, the mother of the legatee, executrix and residuary legatee, who survived the son, Lord Hardwicke held, "that the one hundred pounds was plainly a vested legacy, and the time of payment only postponed; for the former words '*to be paid*,' must be carried on, as they would plainly be if turned into any other language."

(Magoffin admr. *v.* Patton and others.)

Also in the case of *Sidney* v. *Vaughan,* 2 *Eq. Ca. Abr.* 211. C. *Pl.* 4, where the testatrix bequeathed to *Edward Vaughan,* one hundred pounds, *to be paid* to him within six months after he should have served his apprenticeship ; he ran away from his master and died : it was decreed that the serving the apprenticeship was not a condition annexed to the legacy, but only an appointment when it should be paid, and the rather, for if *Edward* had died before the expiration of his apprenticeship, his representatives would have been entitled to the legacy. This decree upon appeal to the House of Lords was affirmed. 2 *Brown, P. C.* 347, 254.

Where a legacy is given at a future time, it is contingent, but where it is given *to be paid* at a future time it is vested; the time being considered in the latter instance annexed, not to the *gift* of the legacy, but to the *payment* of it. *Hixon* v. *Oliver,* 13 *Ves.* 113.

Mr. *Roper* in his Treatise upon Legacies, has collected and referred to the most of the cases on this subject, from which he has very fairly extracted the following rule : That when a legacy is given to a person *to be paid* or *payable,* at or when he shall attain the age of twenty-one, or at a future *definite* period, the interest in the legacy shall be considered to be vested in the legatee immediately upon the testator's death, as *debitum in presenti solvendum in futuro,* the time being only annexed to the *payment* and not to the *gift* of the legacy ; so that if the legatee happen to die before the payment arrives, his assignee or personal representative will be entitled to the legacy. Vol. 1. ch. 10, sec. 2, p. 376. (Phila. ed. of 1829.)

The words of the testator, in the case under consideration, are : "I give and bequeath to each and every my children, the sum of six thousand dollars a piece, *to be paid* them respectively *as* they shall arrive to lawful age, or *on* the day of marriage, whichever may first happen." Something was said in the argument of this case of the conjunction "as," which is used by the testator, and that it imported a condition, and made the legacies of six thousand dollars conditional or contingent. It may be, that this word is sometimes used in a conditional sense. Indeed, there are few words in our language which have not more meanings than one affixed to them ; and the context must always determine the sense in which they were intended to be used. Adopting this criterion here, it is very evident that "as" is not to be understood in a conditional sense. It clearly refers to a certain point of time. One of the meanings affixed to it by lexicographers, is, "at the same time that." Now let this meaning be substituted, and we shall find that it accords so exactly with the context, that it is impossible to doubt of its being the true one. The clause will then read thus, "*to be paid at the same time* that they severally arrive to lawful age, or *on* the day of marriage, whichever may first happen." And the words employed in this latter clause, which is given as an alternative for the payment of these legacies, "*or on the day of marriage,*" could not be reconciled with any other meaning. But if the word "as" could be understood in a conditional

sense, it would not change the character of the legacies; they would still be *vested* because it is merely annexed to the *payment* and not to the *gift* of them. 1 *Roper on Leg.* 387–8. The particular legacy of six thousand dollars, to *Henry*, is, therefore, clearly a vested legacy.

This brings us to the consideration of the next ground of objection to the plaintiff's recovery, which is, that although the legacy be vested, it was divested by *Henry's* dying, before he attained twenty-one, without issue, under the operation of the sixth *item*, in the will.

There is no doubt but a legacy may be given in such terms as to vest in the legatee immediately, upon the death of the testator, subject to a divestiture of it in the event of the legatee's dying before the time appointed for the payment of it shall come round. See 1 *Roper on Leg.* 403–4, *et seq.*

But then a legacy that is vested is not to be divested by ambiguous or dubious terms. It must appear clearly, that it was the intention of the testator that it should be so in a certain event.

In the construction of wills, the intention of the testator is certainly the main thing to be attended to, and if not repugnant to some rule of law, or settled principle of policy, ought so far as it is clearly expressed, to be carried into effect. But the application of certain rules are oftentimes necessary in the construing of wills, even to ascertain what it was that the testator intended. Of this number, I consider the rule which requires that every instrument of writing shall be so construed, if practicable, as to make it consistent with itself in all its parts, one which ought never to be lost sight of; for inconsistency not being very good evidence of sanity of mind, ought not to be imputed, as long as it can be avoided, to persons esteemed capable of making either contracts or wills. Now, by the express terms of the sixth *item* in the will, the limitation over in favour of the survivors there mentioned, is to take effect in the event of any of the children of the testator dying " under lawful age, and without leaving any lawful issue." But the particular legacies of six thousand dollars, given to each of the children, are made payable at the lawful age, or on the day of marriage of each respectively, whichever should first happen, so that they might have become payable long before the legatees, or at least some of them, attained twenty-one. A man marrying one of the daughters, say at the age of twelve or later, during her minority, would have been entitled on the day of his marriage, in right of his wife, to have received the legacy of six thousand dollars, from the executors. Then suppose it had been paid to him, and in two or three weeks afterwards, that his wife had died in her minority, without leaving lawful issue; could the executors in such case have compelled the husband to refund the legacy, or can it be believed that such a thing was ever contemplated or designed by the testator in making his will, or that he intended the six thousand dollars should be refunded by any one of

them, after he or she had received the same under the express authority of his will? Taking the will altogether, I cannot think that we are warranted in coming to the conclusion that he intended that any of those particular legacies should be repaid after they were once duly received. But if we were to hold that they are embraced within the provisions of the sixth *item,* it would necessarily lead to that result. By restricting however the sixth *item* to that portion of the testator's estate which is disposed of by the fifth *item* in the will, it appears to me that it will not only preserve harmony and consistency in the will itself, but promote and carry into effect with more certainty the intention of the testator. Beside, I think that any other construction would render the execution of it difficult, if not altogether impracticable under certain circumstances, which might readily occur. But if from the whole face of the will, it be in the least degree doubtful, whether the testator intended to include these particular six thousand dollar legacies in the sixth *item,* the plaintiff is entitled to recover, for without a perfectly clear manifestation of such intention, they having become once vested, cannot be divested. These words of the sixth *item,* " part or parts, share or shares, devised and bequeathed *by this my will in my estate,*" without other words or clauses to qualify or restrain their meaning, are no doubt sufficiently comprehensive to embrace these particular legacies, but then they are general, and do not refer to these legacies specifically, which leaves the clause open to the proper influence of the other parts of the will, and to receive that construction which seems necessary in order to give consistency to it, as a whole.

It is worthy of observation, that the testator made his will but a few days before his death, from which we may fairly presume that his estate was nearly the same in amount as well as in kind at the time of making the will that it was at the time of his death. It is then fair to infer that he knew the value of his personal estate, and that the payment of his debts, together with the specific bequest to his wife, and the particular six thousand dollar legacies to his children, would consume the most, if not the whole of it; so that with the exception of the remainder, after the life estate, in some articles of household furniture and plate, specifically bequeathed to his wife, his real estate was all that remained to be disposed of in the residuary clause of the will, which is the fifth *item.* It is also obvious, that the terms of this clause are very particularly adapted to the disposal of real estate, by the introduction of words of inheritance: And again, in the immediately succeeding *item,* which is the one relied on by the defendants to defeat the plaintiff's recovery, *all the estate* which is thereby disposed of, is given to the persons therein designated, " as tenants in common *in fee.*" These last words *" in fee,"* are peculiarly applicable to real estate, and altogether unnecessary to be used in disposing of personal, and being so nearly the same with those used in the residuary clause, immediately preceding, that I feel inclined to believe that the generality of the clause already no-

ticed in this sixth *item,* is thereby restrained to the property disposed of in the residuary bequest and devise, and that the particular legacies in the fourth *item* were not intended to be included. But what weighs most of all with me on this point is, that the testator has directed the particular legacies given in the fourth *item, to be paid* on the day of marriage of the legatees, respectively, without regard to their age in that case, when in the sixth *item,* the limitation over is made to depend upon "their dying under age, and without leaving lawful issue," an entirely different event, and one incompatible with that on which the legacies are made payable.

Taking this view of the case, I am decidedly of opinion, that the plaintiff is entitled to recover the six thousand dollars, the principal of the legacy; and this brings us to the consideration of the question of interest.

The general rule seems to be, that where legacies are given payable at a certain time, they carry no interest before that time; for interest is allowed for delay of payment, and consequently, till the day of payment comes around, no interest is demandable. But the exception is equally well settled with the rule, that where the legatee is a child of the testator, and a minor, incapable of supporting himself, or one to whom the testator has placed himself *in loco parentis,* and no special provision is made for the maintenance of the legatee, interest will be allowed on the legacy, although not payable until a future time, as upon the legatee's attaining full age: For the purpose, in such case, of maintaining the legatee, interest must be paid on the legacy, whether it be *particular* and *vested,* as in the present case, or particular and *contingent,* or whether it be *residuary* and *vested,* or *contingent.* See 2 *Roper on Leg.* 190, ch. 20, sec. 3, and 192, sec. 4.

In *Heath* v. *Perry,* 3 *Atk.* 101, Lord HARDWICKE says, "where a legacy is actually *vested,* as if given to *A.,* payable at twenty-one, yet it shall not carry interest, unless something is said in the will that shews the testator's intention to give interest in the mean time. *But all these cases are subject to this exception,* if it is in the case of a child; for then let a testator give it *how he will,* either at twenty-one or at marriage, or *payable* at twenty-one, or *payable* at marriage, and the child has no other provision, the court will give interest by way of maintenance, for they will not presume the father *inofficious,* or so unnatural, as to leave a child destitute." The doctrine here laid down by Lord HARDWICKE, which is supported to its fullest extent in the case mentioned below, rules the question of interest in the case before us. *Glyde* v. *Wright,* 1 *Cha. Rep.* 265, octavo ed. *Harvey* v. *Harvey,* 2 *P. Wms.* 21. *Green* v. *Belchier,* 1 *Atk.* 507. *Incledon* v. *Northcote,* 3 *Atk.* 438. *Hearle* v. *Greenbank, Ibid.* 716. *Coleman* v. *Seymour,* 1 *Ves.* 210–11. *Beckford* v. *Tobin,* 1 *Ves. Jr.* 300. *Carey* v. *Askew,* 2 *Bro. C. C.* 58.

I am therefore of opinion, that as *Henry Patton* the legatee in this case was a minor child of the testator, incapable of supporting him-

self, and left without an adequate provision for his maintenance, be-
side this legacy, that the plaintiff is also entitled to recover interest
upon it from the time of the death of the testator.

Judgment for the plaintiff.