## SKINNER v. BRADFORD.

### September 19, 1835.

### *Case stated.*

Devise.  " I give and devise to my two daughters, A and B, when they shall arrive at the age of twenty years, to each 4000 dollars, to be vested in stock, so that they shall receive the interest," and appointing C " their trustee."  A, one of the daughters, arrives at the age of twenty ; marries, and dies.  Her husband obtains administration of her estate : *Held*, 1. That the devise does not create a *trust* to her sole and separate use, so that the fund cannot be reduced into possession by the husband during her life.   2. After her death, her administrator may recover the legacy from the person named a trustee, as part of her estate.

THIS was an action on the case, brought by Josiah C. Skinner, administrator of the goods, &c., of his deceased wife, Charlotte Skinner, against Thomas Bradford, Jun., surviving trustee under the will of James Darrach deceased.   The following case was stated in the nature of a special verdict, for the opinion of the court, viz. :

" James Darrach, late of the city of Philadelphia, deceased, by his last will and testament, duly proved and registered in the office of the register of wills at Philadelphia, made, *inter alia*, the following bequest, viz. :

" ' I give and devise to my two daughters, Charlotte Darrach and Mary Darrach, when they shall arrive at the age of twenty years, to each 4000 dollars, to be vested in stock, so that they shall receive the interest, and I do hereby appoint my wife Elizabeth, and my brother-in-law Thomas Bradford, Jun., their trustees.'

" In the will there was also this clause :

" ' I require that my wife be at the expense of educating, clothing, supporting and bringing up all my children, out of the estate devised to her, in the way that her affection for them, and her regard for my memory, shall think best suited to their condition.'

[Skinner v. Bradford.]

"The said testator left, at the time of his death, several other children beside the said Charlotte and Mary, viz., Thomas B. Darrach, still living, William Darrach, still living, James Darrach, also still living, and Samuel T. Darrach, who died, having attained to lawful age, intestate and unmarried, some years since. The said Mary Darrach died some time subsequently to the said testator, unmarried, and under the age of twenty years, and the 4000 dollars so as aforesaid bequeathed to her, therefore, never came into the hands of her trustees under said will. The said Charlotte Darrach, some years after the death of the said testator, attained the age of twenty years; and after she attained to lawful age, intermarried with the above-named plaintiff, by whom she had several children, who are still living, and are all minors. The said Charlotte died some years since, a resident of the state of North Carolina. Letters of administration of her goods and chattels, rights and credits, have been regularly granted by John Humes, Esq., register for the probate of wills and granting letters of administration in and for the city and county of Philadelphia, on the 10th day of December, A. D. 1833, to her husband, Josiah C. Skinner, of North Carolina, the above named plaintiff. The said Thomas Bradford, Jun., the above named defendant, by the death of Elizabeth Darrach, in July, A. D. 1834, is now sole surviving trustee under said last will and testament. If the court should be of opinion that the said plaintiff is entitled, suing as aforesaid, to have and receive the said trust fund, then judgment to be entered for the said plaintiff for 4000 dollars, without interest, subject to the provisions of a certain agreement made and entered into by and between the parties to this agreement and statement, intended to accompany and form part and parcel of the same, and bearing the same date herewith.

"If the court should be of opinion that the plaintiff is not entitled to have and receive the said trust fund, then judgment to be entered for the said defendant."

The opinion of the Court was delivered by

Stroud, J.—In Evans and wife v. Knorr, 4 *Rawle* 66, it was ruled that a bequest in these words : "I also give and bequeath unto the said George Knorr the sum of 1000 dollars in *trust,* for the use of her the said Ann Evans," was not for the sole and separate use of Ann Evans, (who was a *feme covert*) but went to her husband. A decision, resting on the same principle, had been previously given in

[Skinner v. Bradford.]

Torbert *v.* Twining, 1 *Yeates* 432, which was cited by Kennedy, J., in delivering the opinion of the court in Evans *v.* Knorr, with entire approbation.    To these decisions of our own courts may be added Richards *v.* Richards, 9 *Price* 219.

In regard to the question of *interest,* it is plain that nothing on this account could be claimed by the legatees until dividends should be received from the investment of the 4000 dollars in stock; and this investment was not to be made until they severally arrived at twenty years of age.   In general, where a legacy is given by a parent to his child, although the legacy be not payable until a future period, yet if a minor, and no maintenance be provided for the child in the meanwhile, the child is entitled to interest from the testator's death.   2 *Roper on Legacies* 192; Magoffin *v.* Patton, 4 *Rawle* 119.   But in the will before us, express provision is made for "the educating, clothing, supporting and bringing up" of all the children of the testator, by charging the expense of them upon the estate bequeathed to the testator's widow, who is made an executrix of the will, as also a trustee for Charlotte and Mary, the daughters.

Judgment for the plaintiff.