## Cooper *versus* Scott.

62   139
134   434

62     139
e204    ¹190

62     139
31 SC ²618

·62    139
35 SC 195

1. A testator gave to G., a natural son, a minor, "$2000, and I direct my executor to expend such portion of said sum as shall be necessary to give to said G. a thorough education, if said G. should desire such education; and I direct what amount of said $2000 may not be expended in the education of said G. shall be paid to him by my executor when he comes of age." G. had no other estate. *Held*, that the legacy vested at the testator's death, and the legatee was entitled to the interest from that time.

2. Where there is an antecedent absolute gift independent of the direction and time of payment the legacy is vested.

3. Where there is no substantive gift, and it is only implied from the direction to pay, the legacy is contingent.

4. As a general rule, a legacy does not bear interest until it is payable.

5. Where the legatee is a minor child of the testator, incapable of supporting himself, or one to whom the testator stood *in loco parentis*, and no provision is made for his maintenance, interest will be allowed on the legacy although not payable till a future time, whether it be particular and vested, or particular and contingent, or residuary and vested or contingent.

6. A natural child sustains to a testator a relation different from that of a stranger, by which he was under a moral obligation to maintain the child during infancy.

7. The provision in this case showed that the testator intended to place himself *in loco parentis* to the legatee.

8. It was the duty of the executor, as testamentary guardian, to invest the legacy at interest and account for the interest to the legatee.

May 11th 1869.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fulton county:* Of May Term 1869, No. 82.

In the court below this was an amicable action of debt, entered April 2d 1868, in which Henry W. Scott, guardian of George W. Cooper, was plaintiff, and James Cooper, executor of William Cooper, deceased, was defendant. A case was stated, embodying these facts.

William Cooper, the decedent, died about the 9th of January 1867, unmarried, and without lawful issue, having made his will which was proved on that day, and which contained the following bequest :—

"I give and bequeath to George Washington Cooper, &c., two thousand dollars; and I direct that my executor shall expend such portion of said two thousand dollars as shall be necessary to give to said George Washington Cooper a thorough classical education, if said George Washington Cooper should desire such edu-

cation; and I direct that what amount of said two thousand dollars may not be expended in the education of said George Washington Cooper, shall be paid to him by my executor when he becomes of age.''

He then gave several other legacies, and devised a farm to his brother James Cooper, whom he made his residuary legatee and executor. George Washington Cooper is a natural son of the testator, is a minor, and has no other estate but the above-mentioned legacy.

" If the court be of the opinion that the plaintiff, as guardian of George Washington Cooper, is entitled to recover the principal of said legacy in this action, before his said ward attains the age of twenty-one years; and, further, that said legacy bears interest from the death of said William Cooper, then judgment to be entered in favor of the plaintiff for $2150, the principal and interest of said legacy until this date; but if the Court shall be of opinion that the principal of said legacy is now recoverable from said defendant, but that it does not bear interest, then judgment to be entered for the plaintiff for $2000; but if the court shall be of the opinion that said legacy bears interest from the death of the testator, and that the principal is not, at this time, recoverable, then judgment to be entered in favor of plaintiff for $150, that being the amount of interest now due; but if the court shall be of the opinion that the principal is not recoverable during the minority of the ward and that the legacy does not bear interest at all, then judgment to be entered for defendant."

The court (Rowe, J.) delivered the following opinion:

" We think this legacy vested at the death of the testator, that the executor was to take charge of it until G. W. Cooper should be *sui juris;* that the relation of the executor to the legatee was, to all ordinary intents and purposes, that of testamentary guardian; and that the legacy bears interest from the death of the testator.

" We are of opinion, therefore, that the legacy bears interest from the death of the testator, and that the principal is not at this time recoverable from the defendant, and we direct judgment to be entered in favor of the plaintiff for $150."

Judgment having been entered accordingly, the defendant sued out a writ of error and assigned for error so entering judgment.

*J. McD. Sharpe,* for plaintiff in error.—As to interest: The intention of the testator must govern: Magoffin *v.* Patton, 4 Rawle 117; Findlay *v.* Riddle, 3 Binney 149; Belzhoover *v.* Costen, 7 Barr 16; Asay *v.* Hoover, 5 Id. 21; Still *v.* Spear, 9 Wright 168; McKeehan *v.* Wilson, 3 P. F. Smith 76; Rewalt *v.* Ulrich, 11 Harris 388. When no time is named, the payment of a legacy is not payable till one year from the testator's death: Eyre *v.* Golding, 5 Binney 475; Bitzer *v.* Hahn, 14 S. & R. 238; Hil-

yard's Estate, 5 W. & S. 31; 2 Redfield on Wills 564, 565. When legacies are payable at a certain time they do not bear interest till then : Laporte v. Bishop, 11 Harris 152. As to payment of interest for maintenance : Corbin v. Wilson, 2 Ashmead 178 ; Seibert's Appeal, 7 Harris 49 ; Clark v. Wallace, 12 Wright 80 ; 2 Redfield on Wills 566, 567 ; Heath v. Perry, 3 Atkins 101 ; Phillips v. Annesly, 2 Id. 58 ; Green v. Pigott, 1 Brown's Ch. R. 103. The legatee here did not stand in such relation to the testator as brings him within the rule as to maintenance : Martin v. Martin, 6 Watts 67 ; Gills's Appeal, 2 Barr 221 ; Leech's Appeal, 8 Wright 140.

*G. A. Smith,* for defendant in error.

The opinion of the court was delivered, October 19th 1869, by WILLIAMS, J.—The sole question presented by the record in this case is, does the legacy of $2000 to George W. Cooper bear interest from the death of the testator? If it does, then it is admitted that the plaintiff below was entitled to recover in this action the amount of interest due at its commencement. It is clear from the terms of the bequest, that the legacy vested at the death of the testator. Where there is an antecedent absolute gift, independent of the direction and time for payment, the legacy is vested : but where there is no substantive gift, and it is only implied from the direction to pay, the legacy is contingent : Bowman's Appeal, 10 Casey 19. Here there is a substantive gift of the money, independent of the mode and time fixed for its payment, and this distinguishes it from a contingent legacy.

But it does not follow that a legatee is entitled to interest on a vested legacy. As a general rule a legacy does not carry interest until the time it becomes payable by the terms of the bequest : Laporte v. Bishop, 11 Harris 154. But the rule is subject to the exception that where the legatee is a minor child of the testator, incapable of supporting himself, or one to whom the testator has placed himself *in loco parentis,* and no special provision is made for the maintenance of the legatee, interest will be allowed on the legacy, although not payable until a future time, as upon the legatee's attaining full age. For the purpose of maintaining the legatee in such case, interest must be paid on the legacy, whether it be particular and vested, or particular and contingent, or whether it be residuary and vested or contingent. The exception is as firmly established as the rule itself : Miles v. Wister, 5 Binn. 477 ; Magoffin v. Patton, 4 Rawle 119 ; Seibert's Appeal, 7 Harris 49 ; Bowman's Appeal, 10 Casey 19 ; Clarke's Ex'rs. v. Wallace, 12 Wright 80.

But it is insisted that the legatee in this case, though he has no other means of support, does not come within the exception.

[Cooper *v.* Scott.]

Why not? If he was not in contemplation of law the offspring of the testator, not having been begotten or born in lawful wedlock, he was, as the case stated admits, his natural son—and though the testator may have been under no legal obligation to support him during infancy, he was under a natural obligation to maintain "the helpless being he had contributed to bring into the world" until he could maintain himself. If in law he was a stranger to the legatee, he was not a stranger in fact. He sustained to him a relation by nature altogether different from that of a mere stranger, which placed him under a moral obligation to support and maintain him during his helpless infancy. And he seems to have recognised the force of this obligation, and endeavored to discharge it by the provision which he made for him in his will. He did not provide merely for his maintenance and education in the ordinary branches of learning taught in our common or public schools, but he made provision for giving him "a thorough classical education, if he should desire such an education." If he did not intend to place himself *in loco parentis* to his natural son, why did he so anxiously provide for his education? This provision, as it seems to me, shows more clearly that the testator considered himself as standing in the relation of a parent to his natural son than the provision relied on in Bitzer's Ex'rs. *v.* Hahn and Wife, 14 S. & R. 237, to show that the testator in that case considered himself as standing in the relation of a parent to his granddaughters. There the testator divided his furniture into five parts, and gave one-fifth part to each of his four living daughters, and the remaining one-fifth part to the daughters of his deceased daughter; and the court, being of the opinion that this provision showed that the testator considered himself as standing in the relation of a parent to his grand-daughters, allowed, for this among other reasons, interest on the pecuniary legacies bequeathed to them, notwithstanding the provision that if they should die in their minority, and without issue, the legacies were to be divided among the residuary legatees named in the will. If a testator, by benevolent manifestations, may put himself *in loco parentis*, so as to entitle a stranger to maintenance, as is said in Seibert's Appeal, why are not the benevolent manifestations of the testator in this case sufficient to show that he considered himself as standing in the relation of a parent to the legatee, so as to entitle him to interest on the legacy for his support? If he does not call him his son, does he not show a father's regard in the provision which he made for him?

But there is another aspect in which this question may be regarded. Under the provisions of the will the relation of the executor is to all ordinary intents and purposes that of a testamentary guardian or trustee: Laporte *v.* Bishop, 11 Harris 154; and he is charged with the care of the legacy during the legatee's minority. If

[Cooper *v.* Scott.]

some person other than the executor had been made testamentary guardian with the same directions as to the expenditure and payment of the legacy, can there be any doubt that it would be his duty to invest it on interest for the benefit of the legatee, and to expend the same as it should accrue for his support and education? And if so, why should the rule as to interest be different because the executor, and not another, is made the testamentary guardian or trustee of the fund? The gift of the money is absolute, and why should not the executor, as testamentary trustee, invest it for the benefit of the legatee? He holds the legacy in trust for him, and it is clearly his duty to make the best of it, and to account for the profits. For these reasons we are of the opinion that the court below rightly decided that the legatee is entitled to interest on the legacy. As this is the only question presented on the record—no objection having been made to the form of the proceeding or to the plaintiff's right to maintain the action—the judgment must be affirmed.

Judgment affirmed.