## Kerr *versus* Bosler.

1. A testator gave to his granddaughter M. $5000, to be paid when she came of age, but if she died before, without lawful issue, then over. He directed his executor to sell his real estate, and the money arising from it, together with any other moneys coming into his hands—after retaining a sum sufficient to pay the legacy to M.—to be divided into four shares, one to go to M., to be retained by the executor till she came of age, the interest to be paid to her mother for M.'s education and support; should M. die before attaining twenty-one her share to go over. *Held,* that the legacy to M. was vested, payable when she arrived at twenty-one, but that she was not entitled to interest before, nothing appearing to show that the interest had been intended or was necessary for her support.

2. It was the duty of the executor to invest the $5000 and pay the interest to the residuary legatees as it accrued.

3. The executor died, having in his hands the $5000. *Held,* that the money, with its accrued interest, was payable to the administrator d. b. n. of the testator, and could not be retained by the administrator of the executor.

4. M. not being entitled to the interest, the executor did not hold the $5000 for her use, but as undistributed estate of the testator.

May 11th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Cumberland county:* No. 60, to May Term 1869.

In the court below this was an amicable action and case stated, in which Abraham Bosler, administrator, d. b. n. c. t. a., of Nathan Woods, deceased, was plaintiff, and David S. Kerr, administrator &c., of N. J. Ramsey Woods was defendant. The action was entered April 30th 1869.

The following facts were agreed to in the case :—

Nathan Woods, the plaintiff's testator, died about September

1853.   By his will, amongst other provisions, he made the following :—

* * *   " I give and bequeath to my granddaughter, Martha Jane Stuart, the sum of $5000, to be paid to her when she shall arrive at the age of twenty-one years, but if she should die before she arrives at the age of twenty-one years without lawful issue, then my will is that the $5000 hereby bequeathed to her shall be paid as follows," &c. * * *   " I will and direct that my executors hereinafter named, shall as soon after my decease as they shall judge most for the interest of my heirs, make sale of all my estate in the western part of Pennsylvania, in the county of Crawford, and that the money thence arising, together with any other moneys coming into their hands belonging to my estate, after retaining a sum sufficient to pay the legacy bequeathed to my granddaughter, shall be divided into four equal shares and paid share and share alike to my sons James R. and Richard C., and to my daughter Margaret R.   The remaining fourth part to be retained by my executor until my granddaughter Martha Jane Stuart shall have obtained the age of twenty-one years : the interest in the same to be paid annually and every year to my daughter Margaret, to be expended by her in the support and education of my said granddaughter, and in the event of my said granddaughter dying before she shall attain the age of twenty-one years, then I will and direct that the portion of this residue retained for her shall be paid in equal shares as is directed above in reference to the $5000 bequeathed to her," &c. * * * *   " I direct that my western land shall not be sold until three years after my decease.   Item—I hereby constitute and appoint my son James Ramsey Woods my sole executor of this my last will," &c.   The executor is N. J. Ramsey Woods, the defendant's intestate.   He fully administered the estate and filed a full account of his administration on the 22d of March 1864, which was referred to an auditor, and the report of said auditor confirmed on the 15th day of August 1865.

" N. J. Ramsey Woods, the executor, died, having in his hands the said sum of $5000, and David S. Kerr, the defendant, took out letters of administration on his estate, on the 6th day of January 1866.   Abraham Bosler, plaintiff in this case, took out letters of administration *de bonis non cum testamento annexo*, on the estate of Nathan Woods, deceased.   Nathan Woods, deceased, left three children, N. James R. Woods, Richard C. and Margaret, and a granddaughter, Martha Jane Stuart, the child of a deceased daughter, whose father is still living and a farmer in comfortable and easy circumstances, abundantly able to support his children in any way he thinks proper.

" R. C. Woods, Margaret Woods, and D. S. Kerr, the defendant, for the estate of his intestate, claim to be paid the interest

[Kerr *v.* Bosler.]

on the aforesaid sum of $5000 during the minority of the said Martha Jane Stuart, and that the principal thereof forms part of the estate of the said Nathan Woods, deceased, unadministered, to which the plaintiff is entitled.

"The plaintiff claims the said legacy of $5000, with interest from the 4th day of January 1867, less the amount paid to Margaret Woods.

"If the court should be of the opinion that the $5000 legacy aforesaid forms part of the estate of Nathan Woods, deceased, and payable to his administrator *de bonis non*, &c., then judgment to be entered for that amount; and if he be entitled to interest also, then judgment acccordingly; the amount to be ascertained by an auditor to be appointed by the court. But if otherwise, then judgment for the defendant."

The court, Graham, P. J., delivering the opinion, made the following order:—

* * * "The plaintiff is therefore entitled to recover the fund of $5000 with interest thereon from a reasonable time, say four months, after it was realized from the sale of the Crawford county lands, except so far as James R. Woods was entitled to retain the interest (one-fourth part), in his own right. In accordance with the terms of the case stated, that an auditor should be appointed, we appoint James R. Irvine, Esq., auditor, to ascertain the indebtedness of the defendant to the plaintiff, which consists of the aforesaid $5000, and the interest thereon, as aforesaid so far as the same has not been paid by the executor of Nathan Woods in his lifetime, crediting taxes paid on the investment and a reasonable compensation to the executor of Nathan Woods, deceased, for investing the fund and receiving the interest thereon. Also that the auditor report a statement and account with each of the residuary legatees, showing the balance, if any, due to each, the aggregate amount due to the residuary legatees, and the legacy of $5000, payable to Miss Stuart, will form the amount for which the plaintiff will be entitled to judgment for distribution under the will of testator."

The auditor made a report which was confirmed February 3d 1869, and judgment rendered for plaintiff for $6639.37, of which $819.68 is for use Margaret R. Woods, and $819.68 for use Richard C. Woods.

The defendant took a writ of error and assigned for error the judgment above stated.

*S. Hepburn, Jr.*, and *Weakley & Sadler*, for plaintiffs in error. —In Pennsylvania an administrator, c. t. a., cannot execute a trust reposed in executors: Ross *v.* Barclay, 6 Harris 179; they cited also Lewin on Trusts 205.

[Kerr *v.* Bosler.]

*Henderson* and *Hays,* for defendants in error.—As to the right of an administrator d. b. n., referred to Potts *v.* Smith, 3 Rawle 361; Act of February 24th 1834, sect. 31, Pamph. L. 78, Purd. 287, pl. 95; Carter *v.* Trueman, 7 Barr 315.  On the death of a testamentary trustee the Orphans' Court fills the vacancy : Act of April 22d 1846, Pamph. L. 483, Purd. 308, pl. 213; Ross *v.* Barclay, *supra,* Meredith's Estate, 1 Parsons R. 435; State *v.* Nichols, 10 Gill & Johnson 27 ; Hill on Trustees 237.

The opinion of the court was delivered, October 19th 1869, by

WILLIAMS, J.—This was an amicable action brought by Abraham Bosler, administrator *de bonis non cum testamento annexo* of Nathan Woods, deceased, against David S. Kerr, administrator of N. J. Ramsey Woods, deceased, who was executor of Nathan Woods, to recover the sum of $5000 admitted to be in the hands of the defendant's intestate at the time of his death, but which it was alleged that he had a right to retain under the provisions of the testator's will.  The court below, on the case stated, entered judgment in favor of the plaintiff against the defendant for the sum admitted to be in his intestate's hands, with interest, and appointed an auditor to ascertain and liquidate the amount due. The entry of this judgment is assigned as error here.  Was the plaintiff entitled to recover the moneys in the hands of the deceased executor, with interest, on the facts agreed on and stated by the parties for the opinion of the court?   If the moneys in his hands belonged to the estate of Nathan Woods, then the plaintiff, under the express provisions of the Act of 24th of February 1834, sect. 31, Pamph. L. 78, Bright. Purd. 287, was entitled to demand and recover the same; and the fact that the intestate had fully administered and settled the estate of his testator and filed a full account of his administration thereof, which had been referred to an auditor whose report had been confirmed, so far from constituting a defence to the action, was, under the provisions of the act, indispensably necessary in order to authorize the court to render judgment for the balance in the intestate's hands.

But it is insisted that the moneys in the hands of the intestate did not belong to the estate of the testator, but to his granddaughter, Martha Jane Stewart, to whom he gave and bequeathed the sum of $5000 to be paid to her when she should arrive at the age of twenty-one years, and, therefore, the plaintiff was not entitled to recover.   The case stated does not find that the executor, at the time of his death, held the $5000 in trust for the testator's granddaughter, Martha Jane Stewart, as her testamentary guardian or trustee.   It is nowhere averred, in the case stated, that he had actually set apart the $5000, and was hold-

[Kerr v. Bosler.]

ing it for her use. Nor can it be inferred, as a matter of fact, from any of the averments or admissions therein. On the contrary the allegation that he held it in trust for the testator's granddaughter is inconsistent with the claim set up in the case stated "that R. C. Woods, Margaret Woods and D. T. Kerr, the defendant, for the estate of his intestate, claim to be paid the interest on the aforesaid sum of $5000 during the minority of the said Martha Jane Stuart, and that the principal thereof forms part of the estate of the said Nathan Woods, deceased, unadministered, to which the plaintiff is entitled." This claim, as it seems to us, is a virtual admission that the intestate did not hold the moneys in his hands as the testamentary guardian of Martha Jane Stuart, but as the executor of Nathan Woods, his testator; though it may, perhaps, have not been so intended. Supposing that no such admission was intended, is there anything in the facts of the case from which a legal inference would arise that the money in the hands of the intestate belonged to the testator's granddaughter under the provisions of his will; and that it did not constitute a part of the testator's undistributed estate? If such an inference is possible, it can only arise from the fact that the intestate had fully administered the estate of the testator, and had distributed and paid over to the creditors and legatees entitled thereto, under the provisions of his will, all the moneys, with the exception of the $5000 in controversy, which came into his hands; and that under the bequest in the will the amount remaining in his hands belonged to the testator's granddaughter, and to the possession of which she would be entitled on arriving at the age of twenty-one years. Was Martha Jane Stuart then entitled to the $5000 in the hands of the executor at the time of his death, with the interest which had accumulated thereon? She may possibly have been, if she was entitled to interest on the legacy bequeathed to her from the time the money came into the executor's hands. But if she was not entitled to interest on her legacy, then the whole fund in the hands of the executor did not belong to her, and he had no right to hold it for her use. The legacy, although vested, was not payable until the legatee should arrive at the age of twenty-one years; and under the ruling of this court in Leech's Appeal, 8 Wright 140, it is clear that she is not entitled to interest on the legacy of $5000 payable at her majority. As a general rule a legacy bears no interest until the time it becomes payable by the terms of the bequest: Magoffin's Admr. v. Patton, 4 Rawle 113; Laporte v. Bishop, 11 Harris 154; but the rule is subject to the exception, as well settled as the rule itself, that where the legacy is to a minor child of the testator, or other infant legatee to whom the testator has placed himself *in loco parentis*, and who has no other means of support, interest will be allowed: Miles v. Wister, 5

[Kerr *v.* Bosler.]

Binn. 479 ; Magoffin *v.* Patton, *supra ;* Seibert's Appeal, 7 Harris 49 ; Bowman's Appeal, 10 Casey 19 ; Clark's Ex'rs. *v.* Wallace, 12 Wright 80. But here, if any such relation of the testator to the legatee is shown, there are no such circumstances of destitution and dependence as seem to demand interest, and to support the supposition that it was intended. On the contrary, it is admitted that the legatee's father is a farmer in comfortable and easy circumstances, abundantly able to support his children in any way he thinks proper. Besides the testator, as the will shows, made other provision for the legatee's maintenance by directing that the interest on the residuary legacy bequeathed to her should be paid annually to his daughter Margaret, to be expended by her in the support and education of his granddaughter, and it does not appear from the case stated, nor is it alleged that it is insufficient for the purpose. This provision repels and negatives the inference that the legacy in question was intended to bear interest. And there is another provision in the will which shows that the testator did not intend that interest should be allowed on the legacy. He does not direct the executor to set apart and retain in his hands $5000 for its payment before distributing the moneys which should come into his hands belonging to his estate. But he provides that the moneys coming into the executor's hands, " after retaining *a sum sufficient to pay the legacy* bequeathed to his granddaughter," shall be divided into equal shares and paid share and share alike to the legatees named in his will.

It may have been proper for the executor under the circumstances to retain $5000 in his hands for the purpose of paying the legacy bequeathed to the testator's granddaughter when she should arrive at the age of twenty-one years, but it was his duty to invest the money on interest for the benefit of the residuary legatees, and to pay the same to them as it accrued. He had no right, under the provisions of the will, to set apart and retain the sum of $5000 and to invest the same on interest for the use of the testator's granddaughter ; and there is no evidence that he held, or that he intended to hold the sum which he retained in his hands, with its interest, for her sole use and benefit. It clearly belonged to the estate of the testator, and the plaintiff as his administrator *de bonis non*, &c., was entitled to demand and recover it from his legal representative.

The question of its distribution does not arise in this case, and it would be out of place to discuss it here.

Judgment affirmed.