## Irvine's Estate (No. 1).

*Will—Legacies—Vested and contingent interest.*

Testator directed as follows: "I give, bequeath and devise all of the residue of my estate, real and personal, not herein otherwise devised or bequeathed specifically, unto my said grandchildren, including those now living and those which may be born hereafter, if any, unto my sons from their present wives, the personal or such of the real estate as may be converted into personal, to be paid to each as he or she respectively becomes twenty-one years of age, reserving sufficient invested in the lands or under the control of my executors to provide for the payments of any other grandchildren that may subsequently be born, and the realty which passes by this residuary devise to come fully into the possession of the said residuary devises when the youngest shall reach the age of twenty-one years." *Held*, (1) that the legacies to the grandchildren vested on the death of the testator, and opened on the birth of each succeeding grandchild to admit those later born; and (2) that the legacies were not divested by the death of any of the grandchildren before they reached the ages of twenty-one years.

Argued May 21, 1906. Appeal, No. 126, April T., 1906, by Mary J. Bachop, from decree of O. C. Warren Co., March T., 1903, No. 11, dismissing exceptions to auditor's report in Estate of Guy C. Irvine, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of Perry D. Clark, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*C. E. Bordwell* and *Edward Lindsey*, for appellant.

*D. I. Ball* and *W. W. Wilbur*, with them *Hinkley, Rice & Alexander*, for appellees.

OPINION BY MORRISON, J., October 5, 1906:

This appeal and the appeal of Guy C. Bachop, No. 127, April Term, 1906, and of Rachel L. Briggs, No. 128, April Term, 1906, are from the same decree of the orphans' court, and the questions raised are, in principle, precisely the same. Therefore, this opinion is intended to apply to each case, although a formal order will be filed in Nos. 127 and 128, April Term, 1906, disposing of said cases.

Guy C. Irvine died August 24, 1868, having made his last will and testament, which was duly probated by the register of wills for Warren county. The will contained among other clauses the following, designated by the auditor respectively (*a*) and (*b*):

(*a*) " I also direct my executors to invest any and all moneys they may receive from any source in good mortgages or judgments in such a way as to be amply secure, the interest thereon to be paid annually, and to be used first in the payments of the legacies and annuities herein bequeathed, and the residue of said interest to be paid by my executors for the uses, benefit and education of my grandchildren aforesaid, whether now living or hereafter to be born, and my daughter, Rachel I. Bachop, share and share alike, except my two grandchildren, Wm. and John Bachop, who are not to have any share or portion of said interest. And I hereby charge my executors with the duty of seeing that the money paid to or for the benefit of my grandchildren is properly expended for the purposes named in this will.

(*b*) " I give, bequeath and devise all of the residue of my estate, real and personal, not herein otherwise devised or be-

queathed specifically, unto my said grandchildren, including those now living and those which may be born hereafter, if any, unto my sons from their present wives, except the said Wm. and John Bachop, share and share alike, the personal or such of the real estate as may be converted into personal, to be paid to each as he or she respectively becomes twenty-one years of age, reserving sufficient invested in the lands or under the control of my executors to provide for the payments of any other grandchild that may subsequently be born, and the realty which passes by this residuary devise to come fully into the possession of the said residuary devises when the youngest shall reach the age of twenty-one years."

The questions raised in this appeal are so well stated in the appellant's history of the case that we cannot do better than to quote the same.

" The testator left to survive him four children, viz : Rufus W. Irvine, Rachel I. Bachop, A. J. Irvine and James Irvine. There have been born eighteen grandchildren, fifteen of whom lived to reach the age of twenty-one years ; three died in their minority, and two others were not to take under the residuary clause in the will.    The names and date of birth and the date of death of such as are deceased appear in the report of the auditor.

" The executors appointed in the will were qualified and entered upon the duties of their appointment ; they paid the annuities and specific legacies provided for in the will, and as each grandchild who was a residuary legatee arrived at the age of twenty-one years, or within a few days thereafter, they paid to such grandchild the sum of $2,500, and in the month of January, 1898, to each grandchild who had arrived at the age of twenty-one years, $1,000.   They made no payment under the residuary clause in the will to the representative or representatives of any grandchild who died before arriving at the age of twenty-one years.   They also paid certain sums of interest to such grandchildren as at the time of such payments of interest were under the age of twenty-one years, and to Rachel I. Bachop.

" From time to time the executors, who were also trustees, filed accounts with the register of wills.   These accounts were distribution accounts, as well as statements of the administration of the estate by the executors.   The accounts so filed

were certified to the orphans' court, and on May 6, 1898, a final and eighth account was filed. Exceptions were taken to the seventh partial and eighth and final accounts by several of the parties in interest, and the matter so proceeded in that a surcharge was made against the surviving executors, who then resigned their trust, and William J. Knupp, Esq., was appointed administrator, d. b. n. c. t. a.

" The fund here for distribution, with the exception of $400, surcharged to said Knupp, is the net avails of the amount recovered upon the surcharge of said surviving executors.

" The administrator filed his account, showing a balance in his hands for distribution. An auditor was appointed to make distribution, and upon his report the questions here at issue arose.

" The auditor found that the estates of the testator's three grandchildren who died in infancy had never received any of the residue of the estate of the testator; that the interest of the residuary legatees vested in them upon the death of the testator, and opened to admit future born grandchildren; that the estates of the three grandchildren who died before arriving at the age of twenty-one years were each entitled to receive at the respected dates when said grandchildren would have arrived, if living, at the age of twenty-one years, the same amount that was paid by the executors to those grandchildren who lived twenty-one years, and allowed to each of their estates $3,500 before making any distribution to any of the other grandchildren.

" The appellant contended that the interest of the residuary legatees was contingent upon the legatee arriving at the age of twenty-one years; that if the interest was a vested one the interest of any grandchild which had vested was divested upon the death of that grandchild; that the distributing auditor could not use the fund for distribution in attempting to equalize former distributions made by the executors, and that if he could the interest on the $1,000 withheld from each grandchild from the date when the grandchild became twenty-one years of age until 1898, being no part of the estate, could not be used for making such equalization, but should first be paid to the recipient of the $1,000 which had earned it, and in no event could the auditor allow the new claimants more than their proportionate part of the fund for distribution. All of

these positions were disallowed by the auditor, and upon being raised in the orphans' court by exceptions were overruled by the court, from which action this appeal was taken."

The controlling question in this case is whether by the terms of the testator's will the legacies to the grandchildren vested on the death of the testator, and opened on the birth of each succeeding grandchild, to admit those later born. The learned auditor in an able and painstaking report, confirmed by the decree of the court below, held that the legacies vested as above stated, and that they were not divested by the death of any of the grandchildren before they reached the ages of twenty-one years. In support of his construction of the will the learned auditor cited and discussed the following cases: Magoffin, Admr., v. Patton et al., 4 Rawle, 113; Bowman's Appeal, 34 Pa. 19; Cooper v. Scott, 62 Pa. 139; Page's Appeal, 71 Pa. 402; Pennock v. Eagles, 102 Pa. 290; Little's Appeal, 117 Pa. 14; Reed's Appeal, 118 Pa. 215; Swartz's Appeal, 119 Pa. 208; and Yost's Est., 134 Pa. 426.

On the other hand, the learned auditor cites and considers the following cases relied on by the counsel for the appellant that the legacies did not vest at the death of the testator: King v. King, 1 W. & S. 205; Masden's Est., 4 Wharton, 428; Moore v. Smith, 9 Watts, 403; Pleasanton's App., 99 Pa. 362; Sager v. Galloway et al., 113 Pa. 500, and Schuldt's Est., 199 Pa. 58.

The learned counsel for the appellee, in their argument, cite other cases, among which are Snyder's Est., 180 Pa. 70; Middleton's Est., 212 Pa. 119; and 29 Am. & Eng. Ency. of Law (1st ed.), p. 441. The latter authority is to this effect: "It is a fundamental rule of construction that in doubtful cases an interest shall, if possible, be construed to be vested in the first instance, rather than contingent; but if it cannot be construed as vested in the first instance, that it at least shall be construed to become vested as early as possible."

In their brief of argument the learned counsel for the appellant have cited and discussed many other cases in addition to those considered by the learned auditor. A careful and painstaking consideration of the will, the authorities above referred to, and many others, the report of the learned auditor, and the able arguments of the respective counsel, leaves us in no doubt

that the interests of the residuary legatees, the grandchildren, in being when the will took effect, as well as those born thereafter, were vested, and that the death of the three children mentioned, who did not reach the age of twenty-one years, did not render their interest contingent, but that their vested interests went to their heirs, and that the learned auditor reached a correct conclusion in holding that these interests stood upon the same legal ground as the vested interests of the grandchildren who survived until they were each twenty-one years of age, the time fixed when they were entitled to their respective legacies.

We have reached the conclusion that the authorities cited and the reasoning of the learned auditor fully vindicate his report. We are not convinced by the able argument of counsel for the appellant that there is reversible error in any of the auditor's material conclusions. We do not see how the rights of the representatives of the legatees who died in infancy can be worked out and protected on the theory contended for by the appellant. Entertaining these views, we do not think it profitable to attempt to add anything further in support of the auditor's report and the decree of the court.

The assignments of error are all dismissed and the decree is affirmed at the costs of the appellant.