The opinion of the court was delivered by
Tilghivian, C. J.
The rule is, that where a legacy is given to a person, to be paid at a future time, it vests immediately But where it is not given until a certain future time, it does not vest until that *114 time; and if the legatee dies before, it is lost. This is the rule, .but in the application of it there is great nicety, and the adjudged cases can hardly be reconciled. There are some exceptions, too, to the general rule. Where a legacy is charged on land, and the legatee dies before the time of payment, the courts have inclined to the sinking of the legacy, in favour of the owner of the land. And where a legacy is expressly given to a female for a marriage portion, and she dies before marriage, there is great reason for supposing that it was not intended to give it to her representatives. But the present casé falls within neither of these exceptions. There was no land into which the share of Betsy could sink, nor was it given to her for a marriage portion; and, if it had been, she did not die unmarried. In general, where a legacy is given for an object which fails, the legacy will be lapsed, — as, where a sum of money is given to an infant, for the purpose of binding him apprentice, and he dies before the proper age'. It is a circumstance of some weight, that there is no intimation in this will of an intent, in case of the death of any of the children before their mother, to give the shares of those so dying, to the survivors. On the contrary, the money was at all events to be divided into six parts, and paid to his six children, or their heirs. What did the testator mean by the words, or their heirs? I understand it, as if he had said, to be paid to them, or such person as would be entitled to it, as their representatives by the law of the country; that is to say, it was not, in case of the death of one, to go to the survivors, but to be considered as if vested in the deceased child. Betsy, the late wife of the plaintiff, was the only daughter who was unmarried when the will was made. The considering of the legacy as vested, would have been the most favourable construction for her, and probably most agreeable to her father’s intent; because it might have promoted her marriage, during the life of her mother, to whom the income of the whole estate was given for her support. In fact, she did marry, in her mother’s life, and died wiihout- issue. I am of opinion that the legacy was vested, and therefore the plaintiff is entitled to it, as administrator of his wife.
DuncAN, J., having been counsel for the plaintiff in error, gave no opinion.
Judgment affirmed.