5ws517
199   66

5ws517
f22 }  310

# Reed *against* Buckley.

" I direct that the nett proceeds of my estate heretofore ordered by me to be disposed of, shall be equally divided between my remaining children share and share alike, and at the times of their severally arriving at the age of twenty-one years." *Held* to be a vested legacy.

ERROR to the Common Pleas of *Lycoming* county.

George Reed, administrator of Matilda Reed, against the executors of John Buckley, deceased. The parties agreed to the following facts, and considered them in the nature of a special verdict:

John Buckley, now deceased, during his lifetime made his last will and testament in the words following, to wit: " I, John Buckley, of Fairfield township, and county of Lycoming, being in a weak state of health, but possessing my usual soundness of mind, and aware of the uncertainty of human life, do make this my last will and testament. As to such worldly estate as it has pleased God to intrust me with, I dispose of the same as follows:

First, I direct that all my debts be paid as soon after my decease as possible of the first moneys that shall come into the hands of my executors, from any part of my estate. Also, I direct, that all my real and personal property be sold for its reasonable value, (except such parts of it as may be reserved for the use of my family). The real estate of which I shall die possessed of, shall be sold by my executors within five years after my decease, and the amount thereof secured in such manner as is usual in like cases. To insure the full and punctual payment thereof, and to effectuate this my intention, I do hereby invest in my executors full power and authority to dispose of my real estate in fee-simple, in as full and ample manner in every respect as I could myself do if living. Also, I direct, that the best articles of household goods, such as bed, bedding, and the best furniture, be and remain the absolute property of my beloved wife. Also, I direct that the sum of $1000 be invested by my executors in some secure stock, or loaned on real estate at their discretion, and the interest thereof to be annually paid to my wife for and during her life. Also, I direct that my son Johnson shall be paid the sum of $25 at the time of the sale of my real estate, which shall be his full share and purpart of my estate. Also, I direct that the nett proceeds of my estate, heretofore ordered by me to be disposed of, shall be equally divided between my remaining children, share and share alike, and at the times of their severally arriving at the age of twenty-one years: and at the decease of my dear wife, that part of my estate

set apart for her use, shall then be divided amongst my surviving children or their heirs, as last above directed. And I do hereby make and ordain my esteemed brother Clemson Buckley and my friend Thomas W. Lloyd, executors of this my last will and testament."

After making the foregoing will and testament, the testator died, leaving a widow, mentioned in this said will, and nine children, one of whom, named Johnson, has since died, and among whom was Matilda, formerly the wife of the plaintiff. The said Matilda Buckley, while under 21 years of age, intermarried with George Reed, the plaintiff, and in 1842 died, being still under 21 years of age, and left no issue. The said testator during his lifetime, sold his real estate, and a certain amount of the purchase money, secured by bonds, remained unpaid at the time of his death. The $1000 directed by the foregoing will to be placed at interest by the executors, and such interest to be paid to the widow, has not been invested by them, but the widow has received interest from time to time from the purchase money secured by bonds, as above stated. The executors purchased for the widow and family a tract of land containing about 60 acres, which, with an additional building erected by them upon it, cost the sum of $1000, or thereabouts. After the death of his wife, George Reed, the plaintiff, became her administrator, and continues so to be.

Under the will above stated and the facts herein contained, did any portion of the estate of John Buckley, deceased, vest in Matilda, the wife of the said George Reed, and if any, what portion? Has George Reed, the plaintiff, the husband of the said Matilda, and her administrator, any lawful right to such portion? As to the real estate purchased for the widow, what right will George Reed, the plaintiff, have to a portion of it, or interest in the same, after the death of the said widow? As to any portion of the personal estate, the interest of which shall be paid to the widow during her life and the principal divided after her death, what share or interest will the said George Reed have in such principal fund? What other interest has the said George Reed in the estate of John Buckley, deceased?

The court below being of opinion that the legacy was contingent, rendered a judgment for the defendants.

*Miller*, for plaintiff in error, argued that it was a vested legacy, and cited 2 *Yeates* 369; 4 *Rawle* 113; 4 *Watts* 130; 2 *Watts & Serg.* 372; 2 *Ashm.* 278; 1 *Bald.* 177; 1 *Paige* 32; 1 *Dessaus.* 355; 4 *Hen. & Mun.* 411; 6 *Mun.* 156; 2 *Murphy* 140; 25 *Law Lib.* 241.

*Anthony*, contra, cited 9 *Watts* 403; 3 *Atk.* 428; *Ward on Leg.* 172; 18 *Law Lib.* 89; 12 *Serg. & Rawle* 131.

[Reed v. Buckley.]

The opinion of the Court was delivered by

SERGEANT, J.—Among the numerous cases that have occurred on the subject of vested and contingent legacies, none has been cited that exactly resembles the present: and in order to decide it, we must rely on the application of those general principles of law, which courts have recognised. The rule borrowed from the civil law has been the ordinary guide in the first instance, that where the contingency is annexed to the time of payment only, and the legacy has been given by a previous bequest, there it is vested; but if the contingency is annexed to the legacy, it does not vest unless the contingency happens. In the case before us, if we are to determine it by this rule, we are encountered by the two opposite constructions of which the item in the will is susceptible. " Also, I direct, that the nett proceeds of my estate heretofore ordered by me to be disposed of, shall be equally divided between my remaining children, share and share alike, and at the times of their severally arriving at the age of twenty-one years." If we fill up the ellipsis after the word " and" by the word " paid," it will make the sense clear—that is to say, the proceeds, whenever the estate shall be sold, (which he had previously ordered to be within five years), shall be divided into as many shares as there are remaining children, and be paid over to them respectively, from time to time, as they came of age. To enable the executor to do this, the testator had previously provided that the proceeds of the real estate should be secured in the usual mode, that is, it is presumed, by notes or bonds capable of being turned into money, or passed over in payment to the legatees. But, if we adopt the other alternative suggested, of striking out the word " and," the bequest is involved in the incongruity of dividing the whole proceeds off to the children, share and share alike, as they come of age, which cannot be, because division, properly speaking, is one act, whereas the children come of age successively for several years. It seems reasonable, therefore, to say, that there was to be one division, and that was, when the proceeds were received and invested; but there were to be several payments, namely, to each child as it came of age. If so, then according to the settled rule, the legacy was vested; it was payable at all events, but the time of payment only was contingent, and on the death of a child before 21, such vested legacy went to its legal representatives.

This appears to be the most reasonable construction, and it is strongly fortified by a reference to the clause in the will immediately succeeding, by which the residuary interest after the decease of the testator's wife is disposed of. " And at the decease of my dear wife, that part of my estate set apart for her use, shall then be divided amongst my surviving children, *or their heirs, as last above directed*." Here it is clear, that by the decease of one of his children before the death of his wife, the legacy would not lapse: it being decided, that the word " heirs" means legal repre-

[Reed v. Buckley.]

sentatives, and that its effect is to make the legacy vested, in cases where it would otherwise be contingent. *Patterson* v. *Hawthorn*, (12 *Serg. & Rawle* 112) ; *King* v. *King*, (1 *Watts & Serg.* 206), The understanding of the testator would seem to be, that both clauses in this respect were alike : and such intention would have a paramount influence in interpreting an ambiguous bequest in the same will, it being a settled rule in the construction of wills, as well as of deeds and other instruments, that the whole is to be taken together, and the design is to be gathered from a comparison of the various provisions and clauses.

It can make no difference in the construction of wills, that by the chapter of accidents, the legatee is a daughter, who has married under 21, and died without issue, and thus the bequest goes to the use of her husband, who is a stranger to the blood of the testator. Such an event, no doubt, creates a feeling against the claim, in those of the family stock. But suppose, as happens in many other cases, the daughter leaves issue; by the rule which is contended for, the issue would be deprived of the bounty of its grandfather, and its share would be taken by those already provided for. This would be as obnoxious to our feelings, as it is evidently repugnant to the intentions of testators. Marriage is itself, in law, a high and valuable consideration : and independent of this, a husband is often a meritorious claimant. We are of opinion, that the legacy vested in George Reed, the administrator, as fully as it would in his wife if living after 21.

In this opinion this court does not decide on the questions stated in the case, as to the rights of any persons whatever in the sum payable after the death of the widow. These rights must be left to be settled hereafter, when the claims shall arise.

Decree reversed, and record remitted to the Court of Common Pleas of Lycoming county to appoint an auditor to ascertain the amount due according to agreement of parties, and enter judgment thereon.