# Seibert's Appeal.

Where a testator devised the one-third of the proceeds of sale of his real and personal property to a trustee, to have and to hold the same for and during the life of testator's daughter, who was a married woman, he to permit the said daughter to receive and take the interest or income yearly, for her sole and separate use, without any hindrance from her husband or his creditors; and after her decease, the one-third to be divided among her children, and share and share alike, as they arrive at the age of twenty-one years; but in case the said Margaret (the daughter,) should not have any lawful issue or children, and living, then in that case the remaining one-third shall descend to her two sisters, or their heirs forever.

Held, that the legacy was *contingent,* and did not vest in all of the children of the said daughter, living at her death, but that the share of one of them, who died in her minority, after the death of her mother, was payable by the trustee to the other children.

APPEAL from the decree of the Court of Common Pleas of *Berks county,* by Christian Seibert, trustee of Margaret Roland, under the will of Henry Hirsh, deceased.

[Seibert's Appeal.]

Margaret Roland was the daughter of said testator. Her share of the proceeds of the sale of the real and personal estate of said testator was vested in said trustee. She to have the benefit and interest of the same during her natural life, for her sole and separate use, without any hindrance from her husband Samuel Roland. After her decease, her said share to be divided among her children, share and share alike, as they arrive at the age of twenty-one years. If she should die without lawful issue or children living, then it is to be divided between the two sisters of Margaret Roland, to wit: Elizabeth and Justina, or their heirs forever.

Margaret Roland died on the 20th of May, 1844, leaving her husband, Samuel Roland, and issue, eight children.

Justina, one of her children, died on the 16th of March, 1848, intestate, unmarried, and at the age of 14 years.

Jacob S. Livingood, was duly appointed administrator of the estate of said Justina, on the 21st March, 1848.

Said Christian Seibert filed his account as trustee, showing a balance of the trust funds in his hands, amounting to $2,766 17½.

The said administrator claims the share of Justina, in said balance. Her father claimed it if recovered by the administrator.

Said trustee alleges that it was not a vested legacy, and that the administrator is not entitled to it, but that under the will it passed to her brothers and sisters, who were living at the time of her death.

The court decreed in favour of Livingood, the administrator, and directed a *fi. fa.* to issue against the trustee, for the amount decreed in favor of the administrator with interest, &c.

Seibert the trustee appealed, and the decree, and the award of a *fi. fa.* was assigned for error.

The case was argued by *Banks* for appellant.—He contended that the legacy did not vest in Justina, inasmuch as she died *before she arrived at the age of twenty-one years.*

There is no separate and antecedent gift which is independent of the direction and time of payment, and therefore the legacy is contingent, 9 *Watts* 407; 8 *W.* 186; 2 *Salk.* 415.

The gift is implied from the direction that the one-third shall be divided among her children as they arrive at the age of twenty-one years, and is inseparable from the direction; and where the one is future so is the other, 9 *W.* 407.

The age of the legatee is annexed to the gift, and not to the time of payment, and is contingent, so that as the legatee died before the happening of the event, the legacy lapsed; Roper on Legacies, 383; Steadman *vs.* Palling, 3 *Atk.* Ward on Legacies, 88, 89; 19 *Law Lib.*; Legacies, 88, 9.

*C. Davis,* contra.—Contended that the only contingency in the

will, or to the share of Margaret was, that she should have issue living at her death; that the share vested in all of the children, and was payable when they respectively attained the age of twenty-one years; 1 *Watts*, 372; 4 *Dana*, 570; 5 *W.* & *Ser.* 517; 10 *Barr.* 15 do. 237; 7 *Vesey*, 421; 3 *Merivale*, 335; Skey *vs.* Barnes.

The opinion of the court was delivered by

ROGERS, J.—To determine whether a legacy is vested or contingent, it is a matter of great moment in the first place, to ascertain whether the time is annexed to the gift or the payment of the legacy. If the former it is vested, if the latter, contingent. It is also a general rule, that where there is no separate and antecedent gift, which is independent of the directions as to time of payment, the legacy is contingent, for it is deemed vested, or contingent, as the time shall appear to be annexed to the gift, or payment of it, 9 *W.* 407; Moore *vs.* Smith, 8 *W.* 186; Lamb *vs.* Lamb.

The testator, after directing his executor to sell all his estate, real and personal, at the decease of his wife; and after giving one-third of the proceeds to his daughter Margaret, the wife of Samuel Roland, for her sole and separate use, proceeds thus:— " And it is my further will, that after the decease of (my) daughter Margaret, the one-third shall be divided among her children, share and share alike, as they arrive at the age of twenty-one years; but in case the said Margaret should not have any lawful issue, or children, and *living, then* in that case, the remaining one-third shall descend to her two sisters, Elizabeth and Justina, or their heirs forever." The testator, as appears from the whole tenor of the will, for reasons no doubt satisfactory to himself, seems to have had in view the exclusion of the husband of his daughter Margaret, from any participation or enjoyment whatever of any part of his estate. To effectuate this object, he bequeaths the one-third of his estate to the separate use of his daughter, and provides, that in case she should die without children living at her death, her portion to go over to her two sisters, Elizabeth and Justina; but in case Margaret should die leaving children, the one-third devised to her to be divided among her children share and share alike *as* they arrive at the age of twenty-one years. This being the general design and scope of the will collected from its whole contents, we are now asked to give it such a construction, as will, in part at least, frustrate the intention of the testator, for the effect will be, if held to be a vested legacy, to give Margaret's portion to her husband, in exclusion of her children and the testator's grand-children. Now although this of itself would not be a decisive reason on which to base a construction, yet, it is a consideration, entitled to some, if not great weight. To ascertain

the intention of the testator, which is the cardinal rule of construction, the first enquiry is, is there a gift to the grand-children separate and independent of the directions and time for payment. The words as we have seen, are " that after the decease of his daughter Margaret, the one-third (that is Margaret's portion) shall be divided among her children, share and share alike, *as* (that is, as I read it, *when*) they arrive at the age of twenty-one years. If the testator had designed the legacy to vest *eo instanti* on her death, it would have been easy to effectuate that intention by unambiguous language. And of this the testator was aware, for in a subsequent part of the same clause he directs in express terms, the bequest to his daughter Margaret, to go over to her sisters, if she should die without children, then living, plainly meaning children living at her death. It must be remembered, that although the gift to Margaret is direct and substantive, the bequest to the grand-children is far from being so. The bequest to them can be held, a separate and independent gift, only by an implication arising solely from the direction to pay, and that is an insurmountable obstacle in the way, it is an implication antagonistic to the general intention. Skey *vs.* Barnes, 3 *Merivale*, 334 ; Bayard *vs.* Atkins, 10 *Barr*, 15 ; and Magoffin *vs.* Patton, 4 *R.* 113, are cited by the defendant in error ; but between the cases there runs this broad distinction, that in each of these cases there is a separate and independent gift to the legatee. So in Branstrom *vs.* Wilkinson, 7 *Vezey*, 421 ; Reed *vs.* Buckley, 5 *W.* & *S.* 517 ; as there is no necessity for implication, the gift being direct and positive, this comes in the same category. In Branstrom *vs.* Wilkinson, some stress is laid on the appointment of a trustee, indicating as the court suppose, the intention of the testator, but the case was not ruled on that alone, but on the whole will.

In this will the appointment of a trustee is entitled to but little weight, as to the bequest to the grand-children, for a trustee was required, and for that reason appointed to preserve the separate estate for the wife. Reed *vs.* Buckley is said to rule this case. But not so, for Reed *vs.* Buckley was a case depending on its own peculiar circumstances, there being no cases cited, as the judge truly says, resembling it. And as it was within preceding cases, so in many respects, it is unlike this. There the words were, " I direct that the nett proceeds of my estate, heretofore ordered by me to be disposed of, shall be equally divided between my remaining children, share and share alike, *and* at the time of their severally arriving at the age of twenty-one years:" here the words are: "And it is further my will that after the decease of (my) daughter Margaret, the one-third shall be divided among her children share and share alike, *as* they arrive at the age of twenty-one years." The copulative conjunction " and," on which great stress is laid, is wanting here. After that word, the court thought

they were authorised to interpolate the word paid.  If we fill up the ellipsis after the word "and" by the word "paid," it will make the sense clear.  And this the court believed they had the right to do, because it would give the will a reasonable construction, and because, as they supposed, that reading was strongly fortified by reference to the clause in this will immediately succeeding, by which the residuary interest, after the decease of the testator's wife, was disposed of.  That the understanding of the testator would seem to be that both clauses in this respect were alike.  The difference between the cases is plain and marked.  In Reed *vs.* Buckley, there was an ellipsis which the court undertook to fill, to carry out the intention of the testator, and to give sense and meaning to an ambiguous clause; here there is no appearance of an ellipsis, nothing wanting, nothing ambiguous.  The sense is perfect and complete, and is moreover in harmony, as we construe it, with the general design.  We do not feel ourselves at liberty to interpolate words to defeat the intention of the testator, although we may be permitted to do so, when it accords, as in the case cited, with the general scope and design of the will.  The testator directs, that the one-third shall be divided among the children, share and share alike, as they arrive at the age of twenty-one years.  By this I understand no more than that each child shall receive the share, to be then ascertained, as they arrive at the age of maturity.

The decree of the court reversed.