## Grothe's Estate.

*Wills—Construction—Legacies—Vested and contingent lega-
cies—Time of payment—Res adjudicata—Auditors.*

1. Upon the subject of vested and contingent legacies, the rule
is that where the contingency is annexed to the time of pay-
ment only, and the legacy has been given by a previous be-
quest, it is vested; but if the contingency is annexed to the
legacy, it does not vest until the contingency happens.

2. Where a testator by a codicil to his will provided "I give and
bequeath unto the male children of my son Frederick living at the
time of my death, the sum of one thousand dollars each as they be-
come twenty-five years of age," the legacies to the grandchildren
are contingent and not vested and the administrator of a grand-
son dying subsequently to the decedent but before reaching twenty-
five years of age, is not entitled to such legacy.

3. A former auditor in such case, in distributing the balance
in the hands of a former administrator, undertook to construe
the codicil to the testator's will and awarded to each of the
three grandsons then living, including the one who subsequently
died under twenty-five years of age, the sum of $1,000 to be paid
to them out of the proceeds of real estate of the testator re-
maining unsold, when they respectively reached the age of twenty-
five years, which report was absolutely confirmed by the court
below and no appeal from the decree of confirmation was taken.
*Held,* that this adjudication was not conclusive upon the living
grandchildren of the testator as regards the share of the grandchild
who died before reaching twenty-five, (1) because if they were
in existence at the time of the audit, they were minors without

guardians; and (2) because the distribution made by a former auditor was conclusive only as to the fund that he was appointed to distribute and when he attempted to make an award to the grandsons of the testator out of the proceeds of real estate not yet sold, he acted beyond the scope of his power.

*Orphans' Court—Findings of fact—Evidence—Appeals.*

4. A finding of fact by an auditor, confirmed by the Orphans' Court, that a testator did not stand in a position of loco parentis to his grandsons, legatees under his will, will not be reversed by the appellate court, where the finding is based upon competent evidence, and there is no manifest error.

Argued May 14, 1912. Appeal, No. 106, Jan. T., 1912, by James J. Logan, administrator to Grover F. Grothe, deceased, from decree of O. C. York Co., dismissing exceptions filed to report of auditor making distribution in estate of Frederick Grothe, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to recommitted report of Ed. Chapin, auditor, distributing the balance on the several accounts of the Security Title & Trust Company, administrator, d. b. n. c. t. a. of the estate of Frederick Grothe, deceased. Before WANNER, J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*James J. Logan,* with him *John N. Logan,* for appellant.—A legacy, the payment of which is postponed, becomes payable presently (at once) on the death of the legatee, to the legal representative: Bowman's App., 34 Pa. 19.

A grandparent may always be presumed as putting himself in loco parentis, where the legacy is given to a child only for life, and upon its death the grand-

children are substituted, under the express direction of the will, to receive the legacy: Magoffin v. Patton, 4 Rawle 113; Bitzer v. Hahn, 14 S. & R. 232; Seibert's App., 19 Pa. 49; Cooper v. Scott, 62 Pa. 139; Robinson's Est., 35 Pa. Superior Ct. 192.

The legacy is vested: Reed v. Buckley, 5 W. & S. 517; Menoher's Est., 18 Pa. Superior Ct. 335; Manderson v. Lukens, 23 Pa. 31; Haywood v. Rogers, 43 N. C. 278; Sproul's App., 105 Pa. 438; Roberts's App., 59 Pa. 70; Smith's App., 23 Pa. 9.

The rule is, that an estate will not be construed as contingent, if it is at all practicable to construe it as vested: Menderson v. Lykens, 23 Pa. 31; Womrath v. McCormick, 51 Pa. 504; Long's Est., 228 Pa. 594.

The party to receive a legacy is the legatee, and when he is incapacitated by infancy, his legal representative is his guardian. The official function of an executor is not to hold money, but to distribute it, and the heir is entitled to interest: Gitt's Est., 203 Pa. 263; Yost's Est., 134 Pa. 426; Jones's App., 3 Grant (Pa.) 169.

*Frederick B. Gerber,* with him *W. F. Bay Stewart,* for appellee.—It is submitted that the lower court correctly decided that the legacy is contingent: Hess v. Hess, 67 Pa. 119.

It is submitted that the court below properly decided that the legacy did not bear interest. Engles's Est., 167 Pa. 463; Bitzer v. Hahn, 14 S. & R. 232; Kerr v. Bosler, 62 Pa. 183; Seibert's App., 19 Pa. 49; Leech's App., 44 Pa. 140; Kerr v. Bosler, 62 Pa. 183; Dewart's App., 70 Pa. 403; Page's App., 71 Pa. 402.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

Frederick Grothe died February 2, 1894. In the preceding month he executed a codicil to his will, and the following clause in it gives rise to the question raised on this appeal: "I give and bequeath unto the male children of my son Frederick W. Grothe living·

at the time of my death, the sum of one thousand dollars each as they become twenty-five years of age." At the time of the testator's death three sons of his son, Frederick W., survived him: Frederick C., who became twenty-five years of age November 14, 1908, and has received his money; Roy A., who is still living, under twenty-five years of age, and Grover F., who died February 12, 1910, in the eighteenth year of his age. James J. Logan, the appellant, is his administrator and claims (1) that the legacies given by the testator vested at the time of his death; and (2) that, as he stood in *loco parentis* to the legatees, the legacies bore interest from his death. The second contention involves a pure question of fact, and the auditor and court below having found that the appellant had failed to show that the relation of parent and child had existed between the testator and his grandchildren, that finding would not be disturbed, even if appellant's first contention should be sustained.

Upon the subject of vested and contingent legacies, the rule of the civil law adopted in England and followed here is that, where the contingency is annexed to the time of payment only, and the legacy has been given by a previous bequest, it is vested; but if the contingency is annexed to the legacy, it does not vest until the contingency happens: Reed v. Buckley, 5 W. & S., 517. "On the subject of what constitutes a vested or contingent legacy, this court has, in many cases, iterated and reiterated the rule of the courts in England, that, where there is a substantive bequest or gift of a sum of money, to be paid at a future time, there the bequest or legacy is vested. But where there is no antecedent gift or bequest, independent of the period fixed for payment, then it is not vested, but contingent": Bowman's Appeal, 34 Pa. 19. This rule is more elaborately stated in Smith on Executory Interests, Sec. 285-286: "Where real or personal estate is devised or bequeathed to a person, when or as soon as he shall

attain a given age, or when an event shall happen which may never occur at all, or at, or upon, or from and after his attaining such age, or the happening of such event; and there are no other words indicative of an intent to confer a vested interest; and nothing, in the form of the limitation itself, to indicate an intent merely to delay the vesting in possession or enjoyment, and no disposition of the intermediate income; in such case, the interest of the devisee or legatee will be contingent until he attains the age specified, or the event described has happened. For, although in this case the person is ascertained, yet the property is only given to him at a future period which may never arrive; and the gift can no more attach upon him before that period, than it could if the testator, continuing to live, were to defer making any devise or bequest till such period had actually arrived." Frederick Grothe made no substantive bequest or gift to each of the sons of his son, Frederick W., living at the time of his death, to be paid to a future time. He gave to the male children of his son, Frederick W., $1,000 each, but no one of them was to take the bequest at the time of his death, the payment of it only being postponed to a later period. The bequest of $1,000 is to "each as they become twenty-five years of age." Until each reaches that age the legacy of $1,000 is but a contingency, and, in the case of the grandson, Grover F., the contingency upon which his grandfather directed he should take never happened, for he died before he was twenty-five years old. His attainment to that age was the condition which the grandfather annexed to the vesting of the gift, and, if he were living now and not yet twenty-five, his bequest would still be in the air. He died when he was but a little over seventeen years of age, and with his death the contingent legacy ceased to exist. Up to the time of his death he had not, under the terms of his grandfather's will, become eligible to take.

But it is urged that, under Reed v. Buckley, supra, there ought to be read into the bequests to the grand-. sons of the testator the words "to be paid," or ."payable," making the codicil read as follows: "I give and bequeath unto the male children of my son Frederick W. Grothe living at the time of my death, the sum of one thousand dollars each, to be paid as they become twenty-five years of age." It is true that in Reed v. Buckley an ellipsis was supplied, but this was done because the testator had made an unconditional, substantive bequest to each of his children by the following clause in his will: "I direct, that the net proceeds of my estate heretofore ordered by me to be disposed of, shall be equally divided between my remaining children, share and share alike, and at the times of their severally arriving at the age of twenty-one years." As the manifest intention of the testator was that each child was to be paid the bequest when he or she should attain the age of twenty-one years, the ellipsis after the word "and" was filled up by inserting the word "paid." This did not go to the intention of the testator, but simply made clear the sense of an uncompleted sentence. Nothing need be interpolated in the clause of the codicil before us to make it clear or to give it sense. The plain meaning of the testator's language is that only such grandsons as shall reach the age of twenty-five are to receive $1,000 from his estate, and the eleventh clause of his will is confirmatory of the intention thus expressed in the codicil. That clause is: "Eleventh: I will and bequeath unto my grandson Frederick Grothe, the sum of four thousand dollars ($4,000.00) to be paid out of my estate by my hereinafter named executor one year after my death to the guardian (of Frederick Grothe) appointed by the Orphans' Court of York county, Pennsylvania." This grandson, Frederick Grothe, is one of the grandsons to whom the codicil refers, and the gift to him in the will was a present, substantive one, with payment of

it postponed. If the testator had intended to make such gifts by his codicil, he would naturally have used the same, and not different, language, clearly expressive of a different intent.

Another contention of the appellant is that the question of the vesting of the legacy in his decedent is res adjudicata. A former auditor, in distributing the balance in the hands of a former administrator d. b. n. c. t. a., undertook to construe the codicil to the testator's will, and awarded to each of the three grandsons the sum of $1,000, to be paid to them, out of the proceeds of real estate of the testator remaining unsold, when they respectively reached the age of twenty-five years. The report of this auditor was absolutely confirmed by the court below in 1896, and, as no appeal from the decree of confirmation was taken, it may have become final and conclusive upon all parties sui juris who appeared in person or by counsel before the auditor, or who had due, legal notice, actual or constructive, of the time and place of the hearings before him, and he acted within the scope of his authority. But, as the learned court below correctly held, this adjudication was not conclusive upon the grandchildren of the testator, who, if they were in existence at the time of the audit, were minors without guardians. It is for them that the present trustee is to collect and preserve the funds of the estate, and it is his right to now raise the question of the vesting of the legacies to the three grandsons of the testator. For another reason the matter now in dispute is not res adjudicata. The distribution made by the former auditor is conclusive only as to the fund which he was appointed to distribute. When he attempted to make an award to the grandsons of the testator out of the proceeds of real estate not yet sold, he acted beyond the scope of his powers: Guenther's Appeal, 4 W. N. C. 41; Kline's Appeal, 86 Pa. 363.

The assignments of error are all overruled and the decree is affirmed at appellant's costs.