787

## Bebout's Estate.

McIlvaine & Williams, for accountant.

CRUMRINE, P. J., March 9, 1928.—The fifth paragraph of the will is as follows:

"Fifth. I give, devise and bequeath unto my brother, David R. Bebout, the brick house and lot on the north side of East College Street between Central Avenue and Greenside Avenue, Canonsburg, Pa., now owned by me. At the decease of my said wife, I give and bequeath unto my said brother the sum of One Thousand Dollars ($1000.00)."

David R. Bebout survived the testator, but died before the widow. The question then is, was this legacy of $1000 contingent on the brother's surviving the testator's widow, or was it vested with a mere postponement of the time of payment? I am convinced that there was a vesting and that the legacy in question is now payable to the executor of David R. Bebout.

The rule most frequently quoted is that a legacy is said to be vested or contingent, just as the time is annexed merely to its payment or to the gift itself: Reed v. Buckley, 5 W. & S. 517. This statement is more or less ambiguous and is difficult of application.

In Hawkins on Wills, page 223, it is said: "The only definition that can be given of the word 'vested' in English law, as applied to future interests other than remainders, is that it means 'not subject to a condition precedent.'" The condition precedent in cases like the present would, of course, be that the beneficiary must be living at the death of the life-tenant.

I know of no better and clearer discussion of the rule than that of Mr. Justice Walling in Bair's Estate, 255 Pa. 169. In that case the testator gave everything to his wife for life or widowhood, and "on the death of my aforesaid wife," to his children by name. One of the children died before the widow. It was said, inter alia:

"It would be unprofitable to attempt to analyze all of the authorities on this vexed question, and difficult to reconcile them. However, our conclusion appears to be fortified by the weight of authority and the better reason.

"The sound rule seems to be that quoted from 1 Fearne on Contingent Remainders (4th Amer. ed), 214, in appellant's brief, to wit:

"'For wherever there is a particular estate, the determination of which does not depend on any uncertain event, and a remainder is thereon absolutely limited to a person in esse and ascertained, in that case, notwithstanding the nature and duration of the estate limited in the remainder may be such as that it may not endure beyond the particular estate, and may, therefore, never take effect or vest in possession, yet it is not a contingent, but a vested remainder. . . . I am the more particular on this point, from a desire of preventing the errors, which must affect our conclusions upon questions of

law concerning this subject, if the uncertainty of taking effect in possession should form any part of our notion of a contingent remainder.'

"And tested thereby, this is a vested remainder, for here the termination of the particular estate depends on a certain event, to wit, the death of the life-tenant, and the remainder is limited to an ascertained person in being.

" 'An unpossessed estate is vested, if it is certain to take effect in possession, by enduring longer than the precedent estate:' Manderson v. Lukens, 23 Pa. 31, 34.

"Here, the estate was bound to take effect in possession in Mrs. Bair if she survived her mother, and that seems to be the true test. The mere fact that the remaindermen may not outlive the precedent estate, so as to come into actual possession, will not, without more, render the estate contingent."

Applying this rule to the case at bar and there can be no question of the legacy's vesting. The legatee was "in esse and ascertained" at the time the will was made and at the death of the testator. His taking was not contingent on an uncertain happening, but on a certainty. True, the time of the. widow's death was uncertain, but the death would occur sometime. If the legatee lived long enough, he was bound to come into possession.

This is in accord with the general intention of the testator as manifested by his will. Besides the one in question, there are twelve or more pecuniary legacies in almost the same identical words. Each begins, "At the decease of my said wife, I give, . . ." and in no case is there any bequest over in the event of a lapse. They are all straight legacies and the qualifying words clearly have to do only with the payment. Were the words "At the decease of my said wife . . ." placed after the gift instead of before in each case, no one would think of raising the question.

"The gift of a legacy under the form of a direction to pay at a future time or upon a future event is not less favorable to vesting than a simple and direct bequest of a legacy at a like future time or upon a like event. The question is one of substance and not of form, and in all cases it is whether the testator intended it as a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies:" Reed's Appeal, 118 Pa. 215.

In Chew's Appeal, 37 Pa. 23, we have almost exactly the same words as those used here construed as creating a vested interest. See, also, Mr. Justice Mestrezat's opinion in Carstensen's Estate, 196 Pa. 325.

The legacy here was undoubtedly vested, did. not lapse on the death of the legatee before the widow, and will be awarded, less tax, to the legatee's executor.

We are also asked to determine whether the gift of the residue in the 21st paragraph to "the Boards of Home and Foreign Missions of the Presbyterian Church in the United States of America, the First Presbyterian Church of Canonsburg, Pa., and the Canonsburg General Hospital of Canonsburg, Pa., share and share alike," contemplates that a one-third share be divided between the Board of Home Missions, &c., and the Board of Foreign Missions, &c., or whether each of these boards takes a one-fourth along with the church and the hospital. The latter view seems the better. The use of the plural "boards" indicates that the testatrix thought of them as two separate organizations, which were to participate separately. Had that word been in the singular, it would have been evidence of an intention to treat them as one organization, regardless of the fact of their separate existence.

From Harry D. Hamilton, Washington, Pa.