DANIEL TRACY BEERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69641.   Promulgated August 29, 1934.

*Bernhard Knollenberg, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,032.93 in income tax for the calendar year 1930.   Facts have been stipulated to raise two questions of law for decision by the Board.   The first is whether the gain from the disposition of a piece of real property in 1930 is to be determined by using the value of the property on March 17, 1925, as the basis for gain or whether the Commissioner was right in using the value of the property on March 1, 1913, as the basis.

The property in question was a part of the residuary estate of the petitioner's mother.   The mother died in 1904, the year in which the petitioner was born.   The following is a pertinent excerpt from the mother's will:

All the rest, residue and remainder of the real estate of which I may die seized and possessed, I give, devise, and bequeath to my Trustees hereinafter named, or their survivor, in fee simple, IN TRUST, nevertheless to hold the same for the benefit of my said child [the petitioner], appropriating the rents for his benefit during his minority, with power to make all necessary alterations and improvements and sell the same, and to make good deed or deeds of conveyance therefor; And In Trust, upon the attainment by my child of his majority, to convey said real estate to him in fee simple; or in the event of the death of my said child during his minority, leaving children, to convey the same to them; or in the event of the death of my said child during his minority without leaving any children, to hold the same in trust to convey the said real estate to my aunts, * * *.

The trustee conveyed the real estate to the petitioner on March 17, 1925, his twenty-first birthday. The petitioner disposed of the property in 1930.

Is the basis for gain the value on March 17, 1925, when legal title to the property was acquired by the petitioner, or was the property acquired before March 1, 1913, in which event the basis would be the agreed value on March 1, 1913? Section 113 of the Revenue Act of 1928 provides the basis for determining gain or loss from the sale or other disposition of property. The section has two main subdivisions, (a) and (b). Subdivision (a) provides the basis for "property acquired after February 28, 1913", while (b) provides the basis for "property acquired before March 1, 1913." In these respects these provisions are exactly like the corresponding provisions of earlier acts, including those of section 202 of the 1918 Act and section 202 of the 1921 Act, considered in *Brewster* v. *Gage*, 280 U.S. 327, and those of section 204 of the 1926 Act, considered in *Chandler* v. *Field*, 63 Fed. (2d) 13, and *Warner* v. *Commissioner*, 72 Fed. (2d) 225, affirming 28 B.T.A. 1178. The first step is to determine whether (a) or (b) applies in the present case.

The Supreme Court of the United States in *Brewster* v. *Gage*, *supra*, carefully considered the question of the meaning of the word "acquired" as used in section 202 (a) of the Revenue Act of 1921. There the testator, by will, disposed of a part of his estate in a residuary clause which made his son the residuary legatee. The father died in 1918 and in 1920 a final decree of distribution was entered, pursuant to which certain stocks were distributed to the son. He sold the stocks in 1920, 1921, and 1922. The Court held that the son "acquired" the property within the meaning of that word as used in section 202 (a) of the Revenue Act of 1918 upon the death of his father and not at the date of the distribution. The basis was held to be the value at the date of the father's death. The Court said that at that time the son acquired a vested right in the residue and "became enriched by its worth, which was directly related to and would increase or decrease correspondingly with the value of the property." The postponement of transfer of legal title to the son was not regarded as important. "The generality of the words used in both acts [1918 and 1921] indicates an intention that the value at the time of death of the decedent was to be taken as the basis in all cases."

The Circuit Court of Appeals for the First Circuit decided the case of *Chandler* v. *Field*, *supra*, involving section 204 (a) (5) of the Revenue Act of 1926. The court there, on authority of the *Brewster* case, held that stock delivered to the taxpayer in 1920 and 1925 was "acquired" by him in 1915 at the time of his mother's death.

The stock was part of the mother's residuary estate which she gave to her husband for life, after his death to trustees to pay $150 a year to her maid for life upon a condition subsequent and the balance of the income to her son, and, after providing for the above, to pay the principal to the son, one third when he became 30, one third when he became 35, and one third when he became 40 years of age, with provisions for his children in case he died before receiving all of the principal. Certain stock was delivered to the son by the trustee when the son became 35 years of age and more was delivered when he became 40 years of age. The court decided that the son took a vested interest in the last two thirds of the estate when the mother died and " acquired " the stock in question at that time.

*Warner* v. *Commissioner, supra,* is the most recent case upon the subject. It involved facts rather parallel to those in the present case, except that there personal property was sold, while here real property was sold. The court there said that the test in such cases was whether or not the interest vested in the taxpayer at the death of the testator and, if there was a vesting of some recognized sort at that time, then the taxpayer " acquired " the property at that time.

The Federal courts follow the decisions of the state courts respecting the nature of property interests within that state. *Lane* v. *Corwin,* 63 Fed. (2d) 767; *Pringle* v. *Commissioner,* 64 Fed. (2d) 863; *Warner* v. *Commissioner, supra.* The courts of Pennsylvania. like those of some other states, in construing a devise of a remainder to A upon his attaining a certain age, try to determine whether the testator intended the time element to apply to the substance of the gift or to the time of payment only. If they find that the former is true, they hold that the estate is contingent (*Grothe's Estate,* 237 Pa. 262; 85 Atl. 141) but, if the latter is true, then they hold that the estate is vested (*Bowman's Appeal,* 34 Pa. 19; *Cooper* v. *Scott,* 62 Pa. 139). Where as here an estate is left in trust for the benefit of A, to pay the income to A until he reaches a certain age, at which time he is to have the estate absolutely, the courts of Pennsylvania would hold that A's remainder vests at the date of the death of the testator. *McClure's Appeal,* 72 Pa. 414; *Appeal of Reed,* 118 Pa. 215; 11 Atl. 787; *In re Middleton's Estate,* 212 Pa. 119; 61 Atl. 808; *McCall's Estate,* 11 Phila. 41; *Gladding's Estate,* 13 Pa. Dist. Rep. 314. Thus Beers received a vested estate in the property at Erie, Pennsylvania, at the time of his mother's death in 1904.

The *Brewster, Chandler,* and *Warner* cases would seem to be authority for holding that this petitioner acquired his interest in the Pennsylvania real estate when his mother died in 1904, unless the word " acquired " in the Revenue Act of 1928 has a different mean-

ing from that of the same word as used in the earlier acts. Section 113 (a) (5) changed the law as to basis in so far as it is applicable. *Brewster* v. *Gage, supra; Lane* v. *Corwin, supra.* But it applies only in the case of property acquired after February 28, 1913. It does not require that a different meaning be attributed to the word " acquired " as used in (a) and (b) of section 113 from the meaning of that same word as used in corresponding provisions of prior acts. The petitioner acquired the property in question prior to March 1, 1913, and under section 113 (b) the basis is cost or fair market value on March 1, 1913, whichever is greater. The parties are not in disagreement as to the figure to be used under this decision.

The petitioner has relied entirely upon *Lane* v. *Corwin, supra*, as complete and compelling authority for using, as the basis for gain, the value of the property on March 17, 1925, the date upon which legal title was conveyed to this petitioner. The two cases are distinguishable. Clearly in that case subsection (a) of section 113 applied rather than subsection (b), since Mrs. Lane died long after March 1, 1913. Here, however, (a) does not apply, since Mrs. Beers died prior to March 1, 1913, and at her death her son acquired a vested interest in the properties in question. The Lane sons took only a contingent interest at the death of their mother. If, because of these differences (b) is applicable here, then, of course (a) (5) would not apply and the *Lane* case would not be directly in point. The court held in the *Lane* case that the devise was not a general devise. We have not decided whether the devise to Beers was or was not a general devise under the law of Pennsylvania. If it were that would be an added reason for taking the value as of the earlier date as the basis. See section 113 (a) (5). The court said in the *Lane* case that even though a residuary legatee after an executor's trust is enriched at the death of the testator, as held in the *Brewster* case, a similar result would not follow where an express trust is set up by will, even if a different statute [sec. 113 (a) (5) of the Revenue Act of 1928] were not involved. This statement does not seem to have been necessary in the decision. In the *Chandler* case there was an express trust intervening, yet the court held that the legatee acquired the property at the death of the testator. The same is true in the *Warner* case, decided by the same court that decided the *Lane* case. The present case more nearly resembles the *Chandler* case than it resembles the *Lane* case and it is not distinguishable from the *Warner* case. See also *Isabel Richardson Molter*, 27 B.T.A. 442; affd., 69 Fed. (2d) 7; *William Huggett*, 24 B.T.A. 669, 671–673; affirmed on this point, 64 Fed. (2d) 705; *Rodman E. Griscom*, 22 B.T.A. 979.

The second question has been virtually settled by the agreement of the parties. An installment obligation on an installment sale of real estate made in 1926 was satisfied at less than face value in 1930. Therefore under section 44 (d) of the Revenue Act of 1928 gain results to the extent of the difference between the basis of the obligation ($78,675) and the amount realized ($81,125). This difference is $2,450.

*Decision will be entered under Rule 50.*